JOURNAL ENTRY and OPINION
Appellant Curtice A. Malone appeals the judgment of the Garfield Heights Municipal Court finding him guilty of domestic violence.
Appellant assigns the following error for our review:
 IN A BENCH TRIAL, THE TRIAL COURT ERRED WHEN IT FOUND THAT THE PROSECUTION HAD NOT PROVEN BEYOND A REASONABLE DOUBT ALL THE REQUISITE ELEMENTS OF THE CHARGE OF ASSAULT, FINDING THE DEFENDANT NOT GUILTY OF THE OFFENSE, AND UPON THE SAME EVIDENCE FOUND THAT THE PROSECUTION HAD PROVEN BEYOND A REASONABLE DOUBT ALL OF THE REQUISITE ELEMENTS OF THE CHARGE OF DOMESTIC VIOLENCE, WHICH IN THE CASE AT BAR WERE IDENTICAL TO THOSE OF THE ASSAULT CHARGE.
Having reviewed the record[1] and the legal arguments of the parties, we affirm the judgment of the trial court. The apposite facts follow.
On May 15, 1998, appellant arrived at his ex-wife's home to pick up his children for visitation. When his ex-wife, believing him to be drunk, refused to permit him to take the children, a dispute ensued culminating in appellant's arrest.
As a result of the May 15, 1998 dispute, the city charged appellant with, among other things, one count of assault under R.C. 2903.13 and one count of domestic violence under R.C.2919.25. Under the assault count, the city alleged that appellant "* * * did knowingly cause or attempt to cause physical harm to another, to wit: grabbing Kelly L. Malone by the wrists (restraining her) and stated don't fight it you know you like it." Under the domestic violence count, arising from the same incident, the city charged that appellant "* * * did knowingly cause or attempt to cause physical harm to family member, to wit: grabbing Kelly L. Malone by the wrists (restraining her) and stated don't fight it you know you like it."
In a bench trial, the court found appellant guilty of domestic violence and entered a not guilty verdict on the assault charge. This appeal followed.
Appellant argues that the trial court usurped the role of the prosecution when the trial court found him not guilty of assault. By so doing, the trial court in essence determined which crime appellant would be sentenced on by finding him not guilty of the assault. Appellant contends that the proper course of action for the trial court was to find him guilty of both charges and have the prosecutor elect the one for the trial court to impose sentence. Also appellant argues, if he is not guilty of assault, it follows that he is not guilty of domestic violence.
We agree that justice would have been best served by finding appellant guilty of both charges and sentencing him on one; but that did not happen. Nevertheless, we are not persuaded that a finding of not guilty of one precludes a finding of guilty on the other.
In order to properly address this issue, we must look to the law in the area of compromised verdicts. Although it is not directly on point, it does give us some guidance.
It is well settled that the validity of a conviction does not depend on consistency between verdicts on various counts of a multiple count indictment when a jury finds the defendant guilty of one or more offenses and not guilty on others even though the difference in the verdicts cannot rationally be reconciled.United States v. Powell (1984), 469 U.S. 57, 105 S.Ct. 471,83 L.Ed.2d 461; Dunn v. United States (1932), 284 U.S. 390,52 S.Ct. 189, 76 L.Ed. 356; Browning v. State (1929), 120 Ohio St. 62,165 N.E. 566 (inconsistency does not arise out of inconsistent responses to different count, but only arises out of inconsistent responses to the same count). In declining to vacate seemingly inconsistent verdicts, the Ohio Supreme Court reasoned that the defendant received the benefit of the jury's mistake, compromise or lenity with regard to the acquittal, and it is not unreasonable for the defendant to accept the burden of the jury's conviction. Id.
Appellant contends that the line of cases upholding inconsistent verdicts is inapposite because he tried his case to a judge and not to a jury. He argues for a heightened standard for judges. He reasons that in cases tried before a judge, the judge's verdict must not only be consistent within each count, but also, must be consistent between separate counts where the separate counts are based upon the same facts that occurred at the same time. However, we do not believe that due process or Ohio law requires us to carry the matter to such an extreme.
The law in the area of allied offenses, though not directly on point, also provides us with guidance. In enacting R.C. 2941.25, the General Assembly anticipated the possibility that a defendant might stand trial on multiple count indictments charging similar offenses. Revised Code section 2941.25 reads:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
R.C. 2941.25. In determining if offenses are allied offenses of similar import a court should assess whether the statutory elements of the offenses correspond to such a degree that commission of one offense will result in the commission of the other. State v. Rance (1999), 85 Ohio St.3d 632, 638,710 N.E.2d 699, 705. "[I]f the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus." Id.
A review of the statutory elements of domestic violence under R.C. 2919.25 (A) and assault under 2903.13(A) indicates that an offender may commit the offense of assault without committing the offense of domestic violence where the victim of the assault is not an offender's household or family member.[2] However, where the victim is the offender's household or family member, the offenses correspond to such a degree that the commission of one offense will result in the commission of the other.
Like allied offenses of similar import, we find that the trial court could not convict appellant of both offenses without finding that appellant committed each offense separately or with separate animus. However, such finding is impossible in this case because the same incident forms the basis of both charges, the appellant's grabbing of his ex-wife's wrists and stating "don't fight it you know you like it." Consequently, we conclude that the court could convict appellant of only one of the two offenses.
When the court found appellant guilty of domestic violence, but not guilty of assault, it acted improvidently. However, this act was more benign than fatal and harmless at best. Consequently, no new trial is warranted. Accordingly, we overrule appellant's assigned error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and ANN L. KILBANE, J., CONCUR.
 _______________________________ JUDGE PATRICIA ANN BLACKMON
[1] The parties submitted a statement of evidence of proceedings under Appellate Rule 9 (C).
[2] Elements of assault — (1) knowingly (2) cause or attempt to cause (3) physical harm to another (4) venue. Elements of domestic violence — (1)knowingly (2) cause or attempt to cause (3) physical harm (4) to a household or family member (5) venue.