OPINION
Appellant Robert L. Ehrhart appeals a judgment of the Tuscarawas County Common Pleas Court convicting him of robbery (R.C.2911.02):
ASSIGNMENTS OF ERROR
I. THE COURT ERRED IN EXCLUDING THE EVIDENCE OF BRANDT MAZEROSKI.
 II. THE COURT ERRED IN DENYING THE REQUESTED SPECIAL INSTRUCTIONS AS TO THE LESSER INCLUDED OFFENSES OF UNLAWFUL RESTRAINT, ASSAULT, AGGRAVATED MENACING AND MENACING.
 III. THE COURT ERRED IN REFUSING TO GIVE AN INSTRUCTION TO THE JURY UPON CHARACTER.
 IV. THE VERDICT OF GUILTY OF ROBBERY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
On September 15, 1997, appellant and his girlfriend, Betty, were fishing at a creek near Buehler's Market in Dover. In addition to fishing, appellant and Betty played in the water, drank beer, and got high. Tr. 101. Appellant had a 40 ounce beer, and smoked several rocks of cocaine. Betty became angry with appellant, as she believed he was smoking too much crack, and she wanted him to save some for later. Betty drove away, leaving appellant at the creek. Appellant was not wearing shoes, as he normally does not wear shoes in the summertime. Appellant walked to Buehler's Market, hoping to find someone who would give him a ride home. Due to his lack of footwear, he could not enter the store. Amber Wood stopped at Buehler's on her way home from work to pick up something for dinner. As she was leaning into the backseat of her car to retrieve her wallet from her briefcase, appellant pushed her into the car, saying, "Get in the car. Give me the keys." Appellant repeated this request two times. Amber replied, "Fuck you, asshole. No way." She pushed him away with the car door. Amber screamed for help, and appellant ran. An employee of a neighboring business observed appellant run to a nearby woods, where he crawled under some pine trees, and laid down. Appellant was later apprehended by the police while laying under the trees. Appellant was indicted by the Tuscarawas County Grand Jury with one count of kidnaping and one count of robbery. The case proceeded to jury trial in the Tuscarawas County Common Pleas Court. At trial, appellant testified that he thought Amber was Tanya Weber, an old friend of his. According to appellant, he "grabbed her by the butt," and said, "Get in the car." He testified that when Amber turned around, he realized she was not Tanya. He testified that when Amber began screaming, he ran, as he had drugs in his possession. Appellant testified that he ditched his remaining crack-cocaine under the trees, and later called a friend to retrieve the drugs. The jury was deadlocked on the charge of kidnaping, and the State dismissed the charge with prejudice. Appellant was convicted of robbery. He was sentenced to three years incarceration.
 I
Appellant argues that the court erred in excluding the testimony of Brandt Mazeroski concerning Amy Wood's character for truthfulness or untruthfulness. The court voir dired Mazeroski before making a ruling that he could not testify. On voir dire, Mazeroski testified that he had been involved in a romantic relationship with Amber for approximately 18 months. He testified that he was no longer employed by the Dover Police Department, after entering a no-contest plea and being convicted of assault based on an incident with Amber. He testified that her reputation for truthfulness was not good, and he was aware of this because of his relationship with her. He testified that she gets excited, and makes something bigger than it should have been. He testified that he was basing his opinion of her character for untruthfulness on certain instances occurring in the relationship. He further testified that when he was dating her, several people said that she was "uppity" and had money; however, his opinion concerning her truthfulness came from his past personal experiences with Amber. Evid.R. 608 (A) provides: (A) Opinion and reputation evidence of character The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.
Evidence that a witness has lied on previous occasions about other matters, and testimony by one witness that he does not believe another witness, are not permissible modes of impeachment. State v. Moyer (March 4, 1982), Cuyahoga Appellate No. 43748, unreported. As to evidence of Amber's reputation of truthfulness, appellant did not lay a sufficient foundation to demonstrate that Mazeroski had such knowledge. He testified that several people told him while he was dating her that "she's got money," and "she is uppity." Tr. 8. He testified that after he stopped dating Amber, he discussed her truth and veracity with five to eight people, and these discussions were based on her excitability. Tr. 13. Evidence that a few people believe a person is excitable and tends to blow things out of proportion is not evidence that the person has a reputation for untruthfulness. Although Mazeroski could not testify as to specific occasions on which he believed Amber lied, particularly her allegations in the assault case against him, he could testify under Evid.R. 608 (A) as to his opinion that she is untruthful. However, despite the fact that the case turned on credibility of witnesses, any error in excluding the opinion testimony of Mazeroski was harmless beyond a reasonable doubt. The court did not prohibit appellant from presenting any evidence concerning Amber Wood's reputation for truthfulness; the court specifically told appellant that if he had a witness who had sufficient knowledge of Amber Wood's reputation in the community, that witness would be able to testify. Tr. 129-131. Counsel for appellant was given ample opportunity to cross-examine Amber Wood. Appellant admitted that before the encounter in the parking lot, he drank 40 ounces of beer and smoked two rocks of crack-cocaine. Further, while he claimed that he believed Amber was Tanya Weber, the record reflects that the two women are not similar in appearance. Amber Wood is 5`9" with heels, which she was wearing that day, and weighs approximately 125 pounds. Her hair is bleached blonde, long, and curly. Tanya Weber is 5'2" tall, weighs approximately 97 pounds, and has dishwater blonde hair. Tanya's hair, while long like Amber's, is straight. Appellant admitted that he grabbed Amber's butt and told her to get in the car; the only disputed facts were whether he asked for the keys, and whether he pushed her into the car. Any error in excluding the opinion testimony of Brandt Mazeroski was harmless. The first assignment of error is overruled.
 II
Appellant argues that the court erred in failing to give lesser included offense instructions on the crimes of unlawful restraint, assault, aggravated menacing, and menacing. As the charge of kidnaping was dismissed with prejudice, any error in failing to give the instruction on unlawful restraint is moot. An offense may be a lesser included offense of another if: 1) the offense carries a lesser penalty; 2) the greater offense, as statutorily defined, can never be committed without committing the lesser offense as well; and 3) some element of the greater offense is not required to prove the commission of the lesser offense. State v. Deem (1988) 40 Ohio St.3d 205, paragraph three of the syllabus. In determining whether the greater offense can ever be committed without committing the lesser as well, we are to examine the elements of the crimes in the abstract, and not undertake an analysis of the facts of a particular case until after the Deem test is met. State v. Koss (1990), 49 Ohio St.3d 213, 218; State v. Nelson (January 12, 2000), Tuscarawas Appellate No. 1999AP02007, unreported. In considering whether offenses are allied offenses of similar import, a concept closely related to lesser included offenses, the Ohio Supreme Court has recently stated that rather than analyzing the offenses in light of the specific facts of the case, the elements of the offenses are to be compared in the abstract. State v. Rance (1999), 85 Ohio St.3d 632
. Robbery is defined: (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another.
R.C. 2911.02 (A) (2).
Assault is defined: (A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
R.C. 2903.13 (A).
Assault is not a lesser included offense of robbery, as assault requires that the defendant knowingly cause or attempt to cause physical harm. Robbery can be committed by threatening infliction of physical harm on another. Therefore, reviewing the elements of the offenses in the abstract, the offense of robbery can be committed without committing the crime of assault, and assault is not a lesser included offense of robbery. Aggravated menacing is defined: (A) No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person, such other person's unborn, or a member of the other person's immediate family.
R.C. 2903.21 (A).
The statutory definition of menacing differs from that of aggravated menacing in one way: the defendant need only cause another to believe the offender will cause physical harm, rather than serious physical harm. R.C. 2903.22. Robbery can be committed without committing aggravating menacing or menacing, as there is no requirement that a person cause another to believe that he will cause harm in order to commit the crime of robbery. Therefore, aggravated menacing and menacing are not lesser included offenses of robbery. As the offenses of assault, aggravating menacing, and menacing are not lesser included offenses of robbery, the court did not err in refusing to give the lesser included offense instructions requested by appellant. The second assignment of error is overruled.
 III
Appellant argues that the court erred in failing to give the jury instruction regarding evaluation of character evidence, found in Ohio Jury Instructions 411.05. Crim. 30 (A) provides that a party may not assign as error the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. In the instant case, counsel for appellant noted at sidebar that there was no character instruction in the court's proposed instructions. Tr. 186. When the court specifically asked what instruction he was requesting, counsel replied that he was not sure, but believed it was in the Ohio Jury Instructions, and he didn't recall the words. Tr. 187. Counsel described the requested instruction as, ". . . good character is not an excuse for criminal conduct." Tr. 187. Counsel did not preserve the error for appeal, as he did not specifically state the grounds of the objection, and only in a general way stated what instruction he wanted the court to give. Appellant has not demonstrated plain error in the failure of the court to include the instruction. OJI 411.05 provides: 1. GENERAL. The defendant has offered testimony tending to show his reputation in the community in which he lives. Evidence of this nature is admitted because one who has a good reputation may be less likely to commit an offense than one who lacks that reputation. However, good character or good reputation is not an excuse for an offense.
Appellant presented several witnesses who testified that they worked with appellant at Barmet Company, and found him to be of good character. While the proposed instruction on character evidence would have been appropriate in the instant case, appellant has not demonstrated prejudice from the court's failure to give it, as the instruction merely states a logical approach to evaluation of character evidence. The third assignment of error is overruled.
 IV
Appellant argues the judgment convicting him of robbery is against the manifest weight of the evidence. In considering a claim that a judgment is against the weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether when resolving conflicts in the evidence, the jury clearly lost its way. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. The discretionary power to grant a new trial should be exercised only in the exceptional case when the evidence weighs heavily against conviction. Id. In his brief, appellant argues that Amber Wood was not believable, given all the evidence of her "hysteria, and susceptibility to real or imagined slights." Appellant's brief, Page 12. The record does not reflect any evidence of the victim's hysterical behavior, outside of her screaming for help following the encounter with appellant in the parking lot. Amber Wood clearly stated on the stand her version of the events on the day in question. There is nothing in her testimony which makes it apparent that she is not telling the truth. Further, another patron of Buehler's store, while he did not witness the event, testified that he heard Amber screaming for help, and she told him immediately after the event that a man had tried to push her in the car. In contrast, appellant admitted on the stand that on the day in question, he had smoked two rocks of cocaine and drank a 40 ounce bottle of beer. It is apparent that the jury believed Amber Wood's testimony rather than that of appellant, and it does not appear that the jury clearly lost its way in evaluating testimony. The judgment is not against the manifest weight of the evidence. The fourth assignment of error is overruled.
The judgment of the Tuscarawas County Common Pleas Court is affirmed.
 ________________________________ GWIN, P.J.,
FARMER, J., and WISE, J., concur.