DECISION AND JOURNAL ENTRY
Kokkuan Lee pled guilty to, and was convicted of, one count of kidnapping, in violation of R.C. 2905.01(A)(2), a second count of kidnapping, in violation of R.C. 2905.01(A)(1)/(2), one count of robbery, in violation of R.C. 2911.02(A)(2), and one count of burglary, in violation of 2911.12(A)(1). He was sentenced to eight years on each of the four counts. The sentences for the kidnapping convictions were to run consecutive to each other and to the concurrent burglary and robbery sentences. Lee has appealed his sentence.
 I.
On April 16, 1999, Lee and a codefendant, Shaupin Foo, went to the home of Le Mei, a sixty-three year old woman, and Jasmine Gao, her four-year-old granddaughter.[1] Lee and Foo sprayed both victims with pepper spray, and bound both victims with tape. The defendants searched the house, and took the $2000 they found. In order to obtain more money, they decided to take Jasmine with them and convince her parents to pay them for her release. They put Jasmine in a garbage bag, locked her in the trunk of their vehicle, and drove from Akron to Cleveland. When they called Jasmine's parents to demand ransom, Jasmine's mother informed Lee that she recognized his voice. Lee and Foo then released Jasmine in the Asian community in Cleveland. A concerned citizen found Jasmine and rescued her. The defendants later turned themselves in to the police.
Pursuant to Lee's guilty plea, the felony counts were amended from first degree felonies to second degree felonies. Subsequent to entering his guilty plea, but prior to sentencing, Lee moved the court to merge the kidnapping of Le Mei into "one or more of the defendant['s] other charges." According to Lee, the kidnapping and robbery were allied offenses of similar import. Based on that, Lee suggested that because there was no purpose for the restraint of Le Mei, other than to facilitate the commission of either the kidnapping of Jasmine or the robbery, the two should have been merged as arising out of the same animus. The state opposed the motion, and the court declined to merge the counts.
At the sentencing hearing the court considered the presentence investigation and the victim impact statement. In addition, it heard from Lee's father. A written statement prepared by Lee was read to the court. Before imposing sentence, the court summarized the details of the crimes, the emotional impact those crimes had on the victims, and the chance occurrences which prevented the ultimate injuries to the victims from being much greater. The court imposed the maximum sentence of eight years for each of the four second-degree felony convictions. The court ordered three of the four sentences to be served consecutively.
Lee filed the instant appeal, challenging his sentence and assigning three errors. We have rearranged Lee's assignments of error for ease of discussion.
 II. ASSIGNMENT OF ERROR III: THE TRIAL COURT ERRED IN ITS ANALYSIS AND SUBSEQUENT DENIAL OF TRIAL COUNSEL'S MOTION TO MERGE CERTAIN OFFENSES.
 Lee has asserted that the kidnapping of Le Mei and the robbery count should have been merged. "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, * * * the defendant may be convicted of only one." R.C. 2941.25(A). Allied offenses of similar import are offenses which "correspond to such a degree that the commission of one crime will result in the commission of the other." State v. Blankenship (1988), 38 Ohio St.3d 116, 117. When determining whether offenses are allied offenses of similar import, the court must compare the offenses in the abstract, using the statutorily defined elements of each offense, rather than as the elements as limited by the facts or indictment in a particular case. State v. Rance (1999), 85 Ohio St.3d 632, paragraph one of the syllabus. If the offenses are not allied offenses of similar import, the analysis ends and Lee may be convicted of both. R.C. 2941.25(B); State v. Mughni (1987), 33 Ohio St.3d 65, 68.
The two offenses that Lee has asserted should have been merged are the kidnapping of Le Mei and the robbery. The elements of kidnapping, as contained in the statute, are (1) the use of force, threat, deception, or any means with a victim under age thirteen or who is mentally incompetent (2) to remove another from the place where she is found or to restrain her liberty (3) for the purpose of facilitating the commission of any felony or flight thereafter. R.C. 2905.01(A)(2). The elements of robbery, as contained in the statute, are (1) inflicting, attempting to inflict, or threatening to inflict physical harm on another (2) while attempting or committing a theft offense or fleeing immediately after the attempt or offense. R.C. 2911.02(A)(2). Because the predicate felony for kidnapping is not restricted to robbery, the commission of kidnapping as defined by the statute does not necessarily result in the commission of robbery. See Rance, 85 Ohio St.3d at 639. Because an individual could commit robbery without removing or restraining the victim, the commission of robbery does not necessarily result in the commission of kidnapping. See id. The two offenses are not allied offenses of similar import, so Lee may be convicted of both, whether or not they arise out of the same animus. Lee's third assignment of error is overruled.
 III. ASSIGNMENT OF ERROR I: THE TRIAL COURT ERRED IN ITS APPLICATION OF OHIO SENTENCING GUIDELINES WHEN IT DETERMINED THE LENGTH OF THE SENTENCES HANDED DOWN TO DEFENDANT KOKKUAN LEE.
 ASSIGNMENT OF ERROR II: THE TRIAL COURT ERRED IN ITS APPLICATION OF OHIO SENTENCING GUIDELINES WHEN IT DETERMINED TO IMPOSE CONSECUTIVE SENTENCES ON DEFENDANT KOKKUAN LEE.
 In these assignments of error Lee challenges both the imposition of the maximum sentence for each of the felonies, and the imposition of consecutive sentences for both of the kidnapping counts and for robbery.[2]
Sentencing Guidelines Pursuant to State v. Edmonson
This court has reviewed and applied the requirements of R.C. 2929.14
for sentencing, as enunciated by the Ohio Supreme Court in State v.Edmonson (1999), 86 Ohio St.3d 324.[3] We have determined that, pursuant to Edmonson, the trial court must make findings and give reasons to support those findings before imposing sentences that are not consistent with recent changes in Ohio's sentencing law in which "minimum sentences are favored for first-time imprisonment and maximum sentences are disfavored generally." Id. at 325; State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, at 2. This court has further stated that Edmonson requires the trial court to use language "that is close, if not identical to, the statutory criteria when articulating its findings."Riggs, Summit App. No. 19846, unreported, at 3. With these guidelines in mind, we review the trial court's findings and analysis to determine whether they are sufficient to justify maximum, consecutive sentences in this case.
 Length of Sentence
Lee has asserted that the court did not make the necessary findings to permit it to impose the maximum sentence, and that the record would not have supported the findings, had the findings been made. Based on the facts of this case, the court could impose the maximum sentence on Lee only if he committed "the worst form of the offense [or] pose[d] the greatest likelihood of committing future crimes." R.C. 2929.14(C). Where, as here, the sentence imposed is for two or more offenses arising out of a single incident, and is the maximum term permitted for the offense of the highest degree, the court must "make a finding that gives its reasons for selecting that sentence imposed." R.C. 2929.19(B)(2)(e). See, also, Edmonson, 86 Ohio St.3d at 328.
The trial court sentenced Lee to the maximum period of incarceration for each of the four counts. In imposing the maximum eight-year sentence, the court was required to justify such a sentence by finding that the offense was among "the worst forms of the offense" or that the offender posed "the greatest likelihood of committing future crimes." (Emphasis added.) R.C. 2929.14(C). The use of superlative adjectives to describe the nature of the offense and the likelihood of recidivism on which a maximum term is predicated reflects the legislature's intention to limit maximum prison terms to the most incorrigible offenders. SeeState v. Howard (Sept. 11, 1998), Hamilton App. No. C-971049, unreported.
In imposing the maximum sentences on Lee, the court found that the crime was "outrageous" and that "to sentence less than a severe sentence * * * would demean the seriousness of the offenses in this case." In the sentencing journal entry, the court found "relevant factors indicating recidivism [was] more likely" and that "anything less would demean the seriousness of the offense."
Although the court's findings evidence the court's concern about the likelihood of Lee's recidivism and the seriousness of his crime, the trial court failed to indicate either that Lee committed the worst form of the offense or that he posed the greatest likelihood of committing future crimes. As such, the court did not distinguish between circumstances that would justify intermediate length sentences and circumstances that would justify the maximum sentence.
Because these findings are insufficient to justify the imposition of the maximum sentence, we do not address whether the court engaged in the required analysis to support the findings. See Edmonson,86 Ohio St.3d at 328-329. As it pertains to the imposition of the maximum sentence, Lee's first assignment of error is sustained.
 Consecutive Sentences
Lee has also asserted that the court did not make the necessary findings to permit it to impose consecutive sentences, and that the record would not have supported the findings had they been made. R.C.2929.14(E)(4) governs the imposition of consecutive sentences for multiple offenses. It provides in relevant part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds [1] that the consecutive service is necessary to protect the public from future crime or to punish the offender and [2] that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and [3] if the court also finds any of the following [three circumstances]:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
* * *
 R.C. 2929.14(E)(4). In addition to making the required findings, the court must give its reasons for imposing consecutive sentences. R.C. 2929.19(B)(2)(c). See, also, Edmonson, 86 Ohio St.3d at 328-329; State v. Harper (Apr. 5, 2000), Summit App. No. 19605, unreported, at 3.
In imposing consecutive sentences, the court found that
 Lee [was] a danger to the public. To do less than consecutive sentences would demean the nature of the offense, and it is necessary due to the heinous nature of this crime to protect the public from any other such crimes in the future.
 Additionally, considering the psychological damage done to this family, the Court feels that consecutive sentences are in order.
 The court's findings encompassed the first required statutory finding, that consecutive sentences were required to protect the public. However, it is not clear from the trial court's statements that the court made either of the remaining two required findings, namely (1) that consecutive sentences were not disproportionate to the seriousness of Lee's conduct, and (2) that the harm caused by the offenses committed as a part of Lee's course of conduct was so great that no single term of imprisonment adequately reflects the seriousness of Lee's conduct.
Because we have found that the court did not make the findings necessary to justify the imposition of consecutive sentences, we do not address whether the court engaged in the required analysis to support the findings. See Edmonson, 86 Ohio St.3d at 328-329. Lee's second assignment of error is sustained.
 IV.
Lee's first assignment of error is sustained because the trial court imposed the maximum sentence without making the findings necessary to support imposing that sentence. Because the trial court did not explicitly make the findings required for imposing consecutive sentences, Lee's second assignment of error is sustained. Lee's third assignment of error is overruled because kidnapping and robbery are not allied offenses of similar import and he may be convicted of both. The judgment of the trial court is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
BATCHELDER, P. J. WHITMORE, J. CONCUR
[1] The facts are essentially undisputed, and are taken from the appellate briefs by the state and Lee, and from the transcript of the sentencing hearing.
[2] In order to impose a sentence that is longer than the minimum on an individual who has not previously served a prison term, the court must find that to impose the shortest sentence would demean the seriousness of the offender's conduct, or would not adequately protect the public from future crime. R.C. 2929.14(B). Lee conceded that, although he had no prior criminal history, the court's findings were sufficient to justify "not imposing the shortest term of two years since the [defendant] had no prior record."
[3] Edmonson was decided on September 8, 1999. In his appellate brief, Lee raised and briefed the issue of whether his sentencing complied with the guidelines of Edmonson. Lee did not cite Edmonson
directly, although he cited the lower court decision that was subsequently affirmed by the Supreme Court of Ohio in Edmonson. The state filed its brief on February 10, 2000. That filing occurred five months after the Supreme Court of Ohio released Edmonson, which clarified the requirements of the sentencing guidelines. In its brief, the state failed to refer to controlling law in this area. Rather, the state requested that we apply State v. Blondheim (May 27, 1998), Summit App. No. 18594, unreported. Blondheim is a decision from this court that was certified as conflicting with State v. Edmonson (Sept. 25, 1998), Portage App. No. 97-P-0067, unreported. In affirming the decision of the Eleventh District Court of Appeals, the Supreme Court of Ohio implicitly criticized Blondheim. Edmonson, 86 Ohio St.3d at 326.