OPINION
{¶ 1} Kelvin E. Williams, Appellant, appeals his sentence and conviction of the Licking County Court of Common Pleas. Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 5, 2001, Appellant entered pleas of guilty to:
 {¶ 3} Count One: Attempted Murder, R.C. § 2903.02 (F1)
 {¶ 4} Count Three: Aggravated Burglary, R.C. § 2911.11 (F1)
 {¶ 5} Count Four: Felonious Assault, R.C. § 2903.11 (F2)
 {¶ 6} Count Five: Felonious Assault, R.C. § 2903.11 (F2)
 {¶ 7} Count Six: Retaliation, R.C. § 2921.05 (F3)
 {¶ 8} Count Seven: Domestic Violence, R.C. § 2919.27 (F5)
 {¶ 9} Count Eight: Child Endangering, R.C. § 2919.22 (M1)
 {¶ 10} These charges resulted from an incident which occurred on May 4, 2001, when Appellant broke into the home of his former girlfriend's mother and assaulted his former girlfriend and her mother with a baseball bat, seriously injuring both.
 {¶ 11} On November 8, 2001, the trial court sentenced Appellant as follows:
 {¶ 12} Count One: Attempted Murder: ten (10) years
 {¶ 13} Count Three: Aggravated Burglary: five (5) years
 {¶ 14} Count Four: Felonious Assault: five (5) years
 {¶ 15} Count Five: Felonious Assault: five (5) years
 {¶ 16} Count Six: Retaliation: three (3) years
 {¶ 17} Count Seven: Domestic Violence: nine (9) months
 {¶ 18} Count Eight: Child Endangering: six (6) months
 {¶ 19} Counts One, Four, Six, Seven and Eight were ordered to be served concurrently, Counts three and five were ordered to be served concurrent to each other but consecutive to the other counts.
 {¶ 20} On June 6, 2002, Appellant filed a Pro Se Motion to Vacate Guilty Plea and Set Aside Judgment of Sentence.
 {¶ 21} On July 8, 2002, the trial court held a non-oral hearing on Appellant's motion.
 {¶ 22} On July 12, 2002, the trial court denied said motion.
 {¶ 23} On August 7, 2002, Appellant filed the instant appeal, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 24} "The trial court erred in denying the appellant's motion to vacate guilty pleas and set aside judgment of sentence because attempted murder, felonious assault and domestic violence are allied offenses of similar import and because felonious assault is a lesser included offense to attempted murder and his sentence violates the double-jeopardy standard as set forth under the fifth amendment to the U.S. Constitution and the due-process clause under the fourteenth amendment to the U.S. Constitution.
 I. {¶ 25} In his sole assignment of error, appellant urges the trial court abused its discretion in sentencing him to consecutive sentences for the conviction of domestic violence, felonious assault and attempted murder. Appellant urges the offenses are allied offenses of similar import, and as such, he should have been sentenced on only one. We disagree. In State v. Rance (1999), 85 Ohio St.3d 632, the Ohio Supreme Court directed reviewing courts to analyze the statutorily defined elements of each offense and compare them in the abstract. After reviewing the elements in the abstract, not upon the particular facts of an individual case, if the statutory elements of the crime correspond to such a degree that the commission of one crime will result in the commission of the other, then the offenses are allied offenses of similar import. If the court finds they are, then the court must determine if the offenses were committed separately, or with separate animus.
 {¶ 26} R.C. § 2903.02 defines murder as purposely causing the death of another. R.C. § 2923.02 defines attempt as purposely or knowingly engaging in conduct, which, if successful, would constitute the offense. The elements of felonious assault are knowingly causing physical harm to another.
 {¶ 27} Appellant also argues felonious assault is a lesser included offense of attempted murder. In State v. Barnes (2002),94 Ohio St.3d 21, 2002-Ohio-68, the Ohio Supreme Court held that felonious assault with a deadly weapon is not a lesser included offense of attempted murder; a defendant may commit an attempted murder without use of a weapon and, thus, may commit the greater offense without committing the lesser one; abrogating State v. Kaiser, 1986 WL 11812, andState v. Mabry, 1984 WL 3553. R.C. §§ 2903.02(A), 2903.11(A)(2),2923.02(A).
 {¶ 28} In State v. Deem (1988), 40 Ohio St.3d 205, the Supreme Court set forth a three prong test to be employed in determining what is a lesser included offense. The court found an offense may be a lesser included offense of another if (1) the offense carries a lesser penalty than the other; (2) if the greater offense cannot, as statutorily defined, if ever be committed without the lesser offense as statutorily defined, also being committed; and (3) if some element of the greater offense is not required to prove the commission of the lesser offense.
 {¶ 29} Someone can engage in conduct so as to knowingly cause serious physical harm without attempting to kill that person. Likewise, someone could attempt to cause another person's death, but be unsuccessful, thereby not causing serious physical harm to the person.
 {¶ 30} We find the elements of attempted murder, felonious assault and domestic violence do not meet the requirements of Rance, supra, and so for this reason, the offenses are not allied offenses of similar import. Likewise, we find felonious assault is not a lesser included offense of attempted murder.
 {¶ 31} We further find that the trial court ran all the charges as to Justine Mulford (Counts 1, 4, 6 and 7) concurrent to each other and the charges as to Genuta Mulford (Counts 3 and 5) concurrent to each other. The court then ran those charges as to the separate victims consecutively.
 {¶ 32} It follows the court did not commit error in sentencing. Accordingly, Appellant's sole assignment of error is overruled.
 {¶ 33} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Boggins, J., Farmer, P.J. and Edwards, J., concur.
Topic: Attempted murder, felonious assault not allied offenses of similar import.