{¶ 20} On this appeal from an order of Judge Kathleen A. Sutula that resentenced Latavius Moore to the same thirty-eight year prison term that had been vacated and remanded in a prior appeal,[3] I dissent. Although I agree that the judge failed to make the proper findings before imposing consecutive sentences, there is no need to remand for another attempt at sentencing because the judgment should be modified pursuant to R.C. 2953.08(G)(2).
 {¶ 21} Moore, along with two others, was involved in a violent robbery of Mary Jo Gilmore, who had allowed the three to stay at her home until the attack. Ms. Gilmore was tied up in her bedroom and beaten, both with fists and a padlock, and among her injuries suffered a wound to her head that required five stitches to close. On November 9, 2000, then twenty-year-old Moore pleaded guilty to one count each of aggravated robbery, felonious assault, aggravated burglary, and kidnapping. Three of the four offenses are first degree felonies, while felonious assault is a second degree felony. The judge held a sentencing hearing on November 29, 2000, imposed maximum and consecutive prison sentences resulting in an aggregate prison term of thirty-eight years, and entered a judgment of conviction and sentence on February 7, 2001.
 {¶ 22} In Moore I this court vacated the sentence and remanded for resentencing because the judge failed to comply with statutory sentencing requirements. A second sentencing hearing was held on August 19, 2002 and, as the majority notes, the judge again found Moore deserving of maximum and consecutive sentences although she again failed to comply with statutory sentencing requirements, and imposed the same sentence previously imposed in Moore I.
 {¶ 23} Before imposing consecutive sentences, R.C. 2929.14(E)(4) requires that the judge find that such sentences are necessary to protect the public from future crime or to punish the offender, that the sentences are not disproportionate to the seriousness of the conduct and to the offender's danger to the public, and either: (a) the offense was committed while the offender was subject to other criminal proceedings or sanctions; (b) the harm caused was "so great or unusual" that no single prison term would be adequate; or (c) the offender's criminal history demonstrates the need for consecutive sentences. I agree with the majority that the judge failed to make the necessary findings, as she stated only that consecutive sentences "are not disproportionate to the danger this offender poses to the public." Nevertheless, it is unnecessary to remand this case pursuant to R.C. 2953.08(G)(1) because the consecutive sentences are not supported by the record. R.C.2953.08(G)(2) gives a reviewing court the authority to modify a sentence or vacate and remand for resentencing if it "clearly and convincingly" finds that the record does not support the sentence imposed or that the sentence is "otherwise contrary to law."
 {¶ 24} Moore was not subject to any other criminal proceedings when the offenses took place and, although his criminal history included two prior arrests, there was no indication of prior convictions or that he had previously served a prison term. Therefore, among the three alternatives available in R.C. 2929.14(E)(4)(a)-(c), the only one that possibly could apply to Moore is R.C. 2929.14(E)(4)(b). Although he committed a violent robbery against a victim who had extended her generosity and trust to him, the record clearly and convincingly shows that this is not the type of harm that requires consecutive prison terms.
 {¶ 25} I do not doubt that Ms. Gilmore suffered emotional and psychological trauma as a result of the event, but there was no evidence that she sought or required treatment for psychological trauma, and her most serious physical injury was a wound to the head that required five stitches to treat. Moreover, she stated her forgiveness of Moore and requested leniency at both sentencing hearings. When compared with other "conduct normally constituting the offense"[4] and the injuries suffered by other robbery victims, the record does not show that her injuries are so great or unusual that consecutive sentences are necessary.
 {¶ 26} In addition, even though the charged offenses arose from a single event, Moore pleaded guilty to all four and the judge sentenced him to maximum consecutive terms. Based upon the "abstract" analysis employed by State v. Rance,[5] the Moore I court rejected his claims that some or all of the offenses were allied[6] and that determination is not reviewable here. Nevertheless, consecutive sentences based on offenses arising from a single event should be carefully scrutinized to ensure that multiple punishments are not only authorized, but necessary and appropriate to crimes arising from a single event.[7] Despite the "abstract" analysis employed in Rance, the facts of the offenses committed can and should be considered when imposing sentence. Where offenses are factually allied the judge should be less inclined to impose consecutive prison terms even if the offenses are not legally allied under Rance.[8]
 {¶ 27} Not only does R.C. 2929.14(E)(4) require particular findings, as well as adequate reasons and a record in support of such findings, before imposing consecutive sentences, R.C. 2929.11(B) requires a judge to impose sentences "consistent with sentences imposed for similar crimes committed by similar offenders" and R.C. 2929.13(A) states that a sentence "shall not impose an unnecessary burden on state or local government resources." Nothing in the record indicates that the judge considered either of these factors before imposing a thirty-eight year prison term, without eligibility for parole or judicial release, upon a twenty-year-old offender with no prior prison record.
 {¶ 28} A defendant convicted of murder pursuant to R.C. 2903.02
becomes eligible for parole after fifteen years.[9] The definite prison term imposed upon Moore is over 2½ times longer. Furthermore, defendants convicted of aggravated murder pursuant to R.C. 2903.01 can become eligible for parole in twenty years, and even those convicted of aggravated murder with aggravating circumstances[10] can become eligible for parole in twenty-five or thirty years.[11] I cannot fathom how Moore, who caused a physical injury requiring five stitches, can twice be sentenced to a definite prison term preventing his release until the age of fifty-eight without this court taking some more concrete action.
 {¶ 29} I agree that the power to modify a sentence under R.C.2953.08(G)(2) should be carefully employed,[12] but a sentence that is not supported by the record need not be remanded for clarification.[13]
In this case the judge has twice imposed a thirty-eight year maximum and consecutive prison term on Moore, and in both cases she failed to consider express and unambiguous statutory terms despite her desire to impose the most severe sentence possible.[14] The record does not support the sentence and, despite having ample opportunity to explain her decision properly, the judge has failed to do so. Such conduct demonstrates either a failure to understand the statutory provisions or a disregard for them, and thus it is appropriate to modify Moore's sentence to omit consecutive prison terms rather than remanding the judgment.
 {¶ 30} Because there is no basis for finding that a single prison term will be inadequate to punish him or protect the public from future crime and his lack of a significant criminal history prevents a finding that he presents an extraordinary risk of recidivism, I would sustain Moore's third and fourth assignments of error, find the others moot,[15]
and modify his sentence to make the sentences concurrent instead of consecutive.
[3] State v. Moore, Cuyahoga App. No. 79353, 2002-Ohio-2133 (MooreI).
[4] R.C. 2929.12(B); see, also, State v. Brahler, Cuyahoga App. No. 79710, 2002-Ohio-2252, at ¶ 17-19 (Kilbane, J., concurring in part and dissenting in part).
[5] 85 Ohio St.3d 632, 637, 1999-Ohio-291, 710 N.E.2d 699.
[6] Moore I, 2002-Ohio-2133, at ¶ 27.
[7] R.C. 2929.14(E)(4)(b).
[8] Rance also has been criticized in a number of cases, both because it leads to seemingly indefensible results and because its analysis on a constitutional issue conflicts with that of the United States Supreme Court. See, e.g., State v. McIntosh (2001), 145 Ohio App.3d 567,581-582, 763 N.E.2d 704 (Painter, P.J., concurring in part and dissenting in part); State v. Zima, Cuyahoga App. No. 80824, 2002-Ohio-6327, at ¶ 47-48 (Kilbane, J., concurring in part and dissenting in part).
[9] R.C. 2929.02(B).
[10] These circumstances are listed in R.C. 2929.04.
[11] R.C. 2929.022, 2929.03.
[12] State v. Jones, 93 Ohio St.3d 391, 399-400, 2001-Ohio-1341,754 N.E.2d 1252.
[13] Id.
[14] See State v. Duvall, Cuyahoga App. No. 80316, 2002-Ohio-4574, at ¶ 75 (Kilbane, J., concurring in part and dissenting in part) (belief that harshest possible sentence is necessary should "inspire the judge to take every precaution to ensure the validity of her judgment."
[15] App.R. 12(A)(1)(c).