[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant David Mosley appeals from the trial court's judgment convicting him, following a jury trial, of four counts of passing bad checks in violation of R.C. 2913.11(A) and four counts of theft of a motor vehicle by deception in violation of R.C.2913.02(A)(3).[1] The trial court sentenced Mosley to three years of community control on each count and ordered that the sentences be served concurrently. Mosley now brings forth five assignments of error. Finding none of the assignments to have merit, we affirm the judgment of the trial court.
 {¶ 3} In his first assignment of error, Mosley asserts that the trial court erred by allowing a state's witness to testify about matters not within his personal knowledge. In his second assignment of error, he maintains that the trial court erred by admitting hearsay evidence. We address these assignments together, as they both involve the testimony of Keith Kennedy, a salesperson at Jake Sweeney Mazda ("the Mazda dealership").
 {¶ 4} Mosley asserts that the trial court erred when it allowed Kennedy to testify that another salesperson had told him that Mosley had tendered a check for an automobile to the Mazda dealership, drawn on the Revival H. Temple Church and signed by Mosley, after Kennedy had left for the day. Mosley contends that this testimony amounted to impermissible hearsay. We agree with Mosley that this testimony was hearsay, but we hold that its admission was harmless.[2]
 {¶ 5} Here, similar testimony that Mosley had signed the check issued to the Mazda dealership was admitted later in the trial through another witness's testimony. Jake Sweeney, the comptroller of the Mazda dealership, testified that after he wrote Mosley to advise him that the check had been dishonored, Mosley came to the dealership on June 19, 2000, to discuss the amount owed and at that time confirmed that he had signed the check. Finally, with respect to whether Kennedy had personal knowledge that Mosley had signed the check tendered to the Mazda dealership, we note that Kennedy testified that he saw Mosley's signature on the check when it was returned for insufficient funds.
 {¶ 6} Because Mosley was not prejudiced by the hearsay testimony, the first and second assignments of error are overruled.
 {¶ 7} In his third assignment of error, Mosley maintains that the trial court erred by sentencing him on all eight counts, because the offenses of passing bad checks and theft by deception were allied offenses of similar import. Because each offense required proof of an element that the other did not, passing bad checks and theft by deception were not allied offenses of similar import. Accordingly, Mosley's contention fails on the authority of State v. Rance[3], which we are constrained to follow. The third assignment of error is overruled.
 {¶ 8} In Mosley's fourth and fifth assignments of error, he contests the sufficiency and the weight of the evidence to support his convictions for theft by deception and passing bad checks. We consider these assignments of error together and find them to be unpersuasive.
 {¶ 9} In reviewing a sufficiency-of-the-evidence claim, an appellate court must examine the evidence presented at trial to determine whether that evidence, viewed in a light most favorable to the state, could have convinced any rational trier of fact that the defendant was guilty beyond a reasonable doubt.[4] On the other hand, when reviewing a weight-of-the-evidence claim, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[5]
 {¶ 10} R.C. 2913.11(A) provides that "no person, with purpose to defraud, shall issue * * * a check * * *, knowing that it will be dishonored." Here, a review of the record reveals that Mosley signed and tendered four checks, drawn on the church, to three different car dealerships for four automobiles. On each date that he tendered a check, Mosley knew that the church's bank account had significantly lower funds than the amount listed on the tendered check. The record indicates that Mosley and his church had bought the cars for people in need, relying on "faith in the Lord" to provide the funds.
 {¶ 11} R.C. 2913.02(A)(3) provides that "no person, with purpose to deprive the owner of property * * * shall knowingly obtain or exert control over * * * the property * * * by deception." The record demonstrates that after Mosley was made aware that each of the four checks had not cleared the bank, he promised each dealership that he would repay the funds. He never repaid the funds, nor did he return the cars. When the police and the dealerships questioned Mosley about the location of the cars and who had possession of them, Mosley denied that he had any knowledge of the location of the cars, even though the evidence demonstrated that he had taken delivery of each car when it had been purchased. Further, one of the cars was found in a parking lot where Mosley was standing and talking on his cellular phone.
 {¶ 12} Based on our review of the record, we hold that there was sufficient evidence to convict Mosley of four counts of passing bad checks and four counts of theft of a motor vehicle by deception. Further, with respect to the manifest weight of the evidence, we conclude that, in resolving the conflicts in the evidence, the jury did not lose its way and create a manifest miscarriage of justice so as to require a new trial. Accordingly, the fourth and fifth assignments of error are overruled, and the judgment of the trial court is affirmed.
 {¶ 13} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] The judgment entry incorrectly identified count five as "Vehicle Theft 2913.02V".
[2] State v. Merritt (Oct. 16, 1998), 1st Dist. No. C-970479.
[3] State v. Rance, 85 Ohio St.3d 632, 1999-Ohio-291,710 N.E.2d 699.
[4] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[5] See State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717.