[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant, Jermaine Meridy, appeals that part of the judgment of the Hamilton County Court of Common Pleas sentencing him to consecutive terms of imprisonment for trafficking in cocaine pursuant to R.C. 2925.03(A)(2) and possession of cocaine pursuant to R.C.2925.11(A). For the following reasons, we vacate the sentence and remand the cause for resentencing.
 {¶ 3} In January 2003, Meridy entered guilty pleas to one count each of trafficking in cocaine and possession of cocaine. The trial court sentenced him to two consecutive one-year terms of imprisonment for the offenses.
 {¶ 4} In his first assignment of error, Meridy now argues that the trial court erred in ordering the sentences to be served consecutively. To impose consecutive sentences under R.C. 2929.14(E)(4), the trial court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." The court must also find one of the following: (1) when the offender committed the offenses, he was awaiting trial or sentencing or was under post-release control; (2) the harm caused was so great or unusual that no single prison term would adequately reflect the offender's conduct; or (3) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.[1]
In addition, the court must state its reasons for imposing consecutive sentences.[2] Both the findings and the reasons for imposing consecutive sentences must be made at the sentencing hearing.[3]
 {¶ 5} In the case at bar, the trial court failed to make the necessary findings for the imposition of consecutive sentences. The trial court did not make either of the findings regarding the need to protect the public from future crime or to punish the offender, or the finding that consecutive sentences would not be disproportionate to the offender's conduct or the danger he posed to the public. The trial court found only that "[a]t the time of the plea, you were awaiting trial or sentencing." And even that finding did not comport with the requirement of R.C. 2929.14(E)(4)(a), which states that consecutive sentences are permitted if the offender was awaiting trial or sentencing at the time of the offenses. The trial court erred in imposing consecutive sentences in the absence of the required findings, and the first assignment of error is sustained.
 {¶ 6} In his second assignment of error, Meridy argues that the trial court erred in imposing consecutive sentences because trafficking and possession were allied offenses of similar import. Meridy concedes that, under State v. Rance,[4] the offenses were not allied.[5] He argues, though, that Rance was wrongly decided and suggests that this court should disregard the Ohio Supreme Court's holding in that case. This court is not permitted to disregard the controlling authority of the Supreme Court of Ohio,[6] and we accordingly overrule the second assignment of error.
 {¶ 7} In his third and final assignment of error, Meridy argues that the trial court erred in failing to impose the six-month sentence that had been discussed prior to the date of sentencing. At the sentencing hearing, the trial court alluded to having stated that it would impose a six-month sentence if Meridy were to appear in court on the originally scheduled sentencing date. But because he had failed to appear, the court refused to impose the six-month term.
 {¶ 8} In State v. Stone,[7] this court held that a trial court may not rely on the defendant's failure to appear for sentencing as a factor in imposing consecutive sentences. Although it is unclear in the case at bar whether the trial court relied upon the defendant's failure to appear in imposing consecutive sentences, or merely as a factor in imposing an aggregate sentence greater than the previously discussed six-month term, we hold that on remand the trial court may not rely on the impermissible factor in making any multiple terms of imprisonment consecutive.[8] To that extent only, we sustain the third assignment of error.[9]
 {¶ 9} Therefore, the sentence imposed by the trial court is vacated, and the cause is remanded for resentencing in accordance with law.
 {¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Winkler, JJ.
[1] R.C. 2929.14(E)(4). See, also, State v. Chapman, 1st Dist. No. C-020115, 2002-Ohio-7336, at ¶ 3.
[2] R.C. 2929.19(B)(2)(c).
[3] State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, paragraph one of the syllabus.
[4] 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699.
[5] See State v. Salaam, 1st Dist. No. C-020324, 2003-Ohio-1021, at ¶ 16.
[6] See Cincinnati ex rel. Crotty v. Cincinnati (May 19, 1976), 1st Dist. No. C-76179.
[7] (Feb. 26, 1999), 1st Dist. No. C-980382. As in Stone, the trial court in the case at bar failed to make the requisite statutory findings for consecutive sentences, and the impermissible factor was therefore not merely an additional, impermissible basis for the trial court's decision. Thus, the harmless-error rule set forth in State v. Moore
(2000), 140 Ohio App.3d 278, 289, 747 N.E.2d 281, is inapplicable to the case at bar.
[8] A defendant's failure to appear is not an impermissible consideration in all contexts. For example, the failure to appear may be considered a relevant factor in assessing the likelihood of recidivism when imposing a maximum term of incarceration. See State v. Daniels, 1st Dist. Nos. C-010070 and C-010087, 2001-Ohio-8749, jurisdictional motion overruled (2002), 94 Ohio St.3d 1507, 764 N.E.2d 1037, and97 Ohio St.3d 1485, 2002-Ohio-6866, 780 N.E.2d 288.
[9] As Meridy concedes, there is no specific plea agreement reflected in the record. Therefore, we do not hold that the trial court must impose a six-month term of incarceration on remand. See Stone, supra.