JOURNAL ENTRY and OPINION
{¶ 1} The very narrow issue in this appeal is whether the court erred by finding defendant Jamille Morgan guilty of abduction, as a lesser included offense of kidnapping.
 {¶ 2} This Court has consistently ruled that abduction is a lesser included offense of kidnapping. See State v. Huber,
Cuyahoga App. No. 80616, 2002-Ohio-5839; State v. Ogletree,
Cuyahoga App. No. 79882, 2002-Ohio-4070; State v. Foster (June 22, 2000), Cuyahoga App. No. 76383; State v. Smith (Nov. 6, 1997), Cuyahoga App. Nos. 69799, 70451 and 71643.
 {¶ 3} We are aware that the view held by this Court is not held by some other appellate districts. See, e.g., State v.Williams (Dec. 27, 2000), Summit App. No. 19559; State v.Klages (Mar. 17, 2000), Fairfield App. No. 99CA34; State v.Harris, Franklin App. No. 02AP-977, 2003-Ohio-2414. Being aware of this conflict, we think it prudent to delve into this Court's precedent to determine its viability in light of recent pronouncements on the subject.
 {¶ 4} In State v. Deem (1988), 40 Ohio St.3d 205, the syllabus states the test for whether an offense is a lesser included offense of another: "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."
 {¶ 5} The State charged Morgan with kidnapping under R.C.2905.01(A)(3), which states:
 {¶ 6} "(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
 {¶ 7} "* * *
 {¶ 8} "(3) To terrorize, or to inflict serious physical harm on the victim or another; * * *."
 {¶ 9} Abduction is defined in R.C. 2905.02 as:
 {¶ 10} "(A) No person, without privilege to do so, shall knowingly do any of the following:
 {¶ 11} "* * *
 {¶ 12} "(2) By force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear; * * *."
 {¶ 13} Abduction is a third degree felony, whereas kidnapping can be either a first or second degree felony; hence the higher penalty for kidnapping satisfies the first element of the Deem
test.
 {¶ 14} When considering the second element of the Deem test (the determination whether the greater offense cannot ever be committed without the lesser offense also being committed), we must be conscious that in the closely-related context of allied offenses of similar import, the Ohio Supreme Court has instructed us to look at the statutory elements of a particular offense in the abstract, rather than applying the elements according to the facts of a particular case. See State v. Rance (1999),85 Ohio St.3d 632, 638, 1999-Ohio-291.
 {¶ 15} The statutory elements of kidnapping show that the crime may be committed with either "force, threat, or deception." Abduction can only be committed by "force or threat," with no reference to "deception." Hence, kidnapping (the greater offense) can be committed by deception without committing abduction (the lesser offense). This being the case, the second element of theDeem test is not met and abduction cannot be considered a lesser included offense of kidnapping. See State v. Harris,
supra.
 {¶ 16} Our prior cases came to the understandable conclusion that abduction was a lesser included offense based on an analysis that centered on the specific facts of each case. The Supreme Court's decision in Rance, while admittedly dealing with allied offenses, is nonetheless applicable to lesser included offenses. By employing the Rance directive to avoid a fact-specific analysis in favor of a more general, abstract consideration of the opposing elements, we are compelled to conclude that our prior decisions no longer reflect the current state of the law.
 {¶ 17} Admittedly, application of Rance to the facts of this case leads to a troubling result. The State charged Morgan with committing kidnapping by force or threat of force. It did not charge him with using deception in the commission of the offense, and the facts presented at trial would not permit any conclusion that deception had been used. Because the crime of abduction contains exactly the same elements — force or threat of force — it is difficult to reconcile the conclusion that in this case, abduction is not a lesser included offense of kidnapping. Unfortunately, we are bound by the decisions of a higher court and thus have no choice but to follow the application of Rance
in this case.
 {¶ 18} It follows that abduction is not a lesser included offense of kidnapping. The court erred by finding Morgan guilty of abduction. We therefore vacate the judgment of conviction and order Morgan's discharge. The remaining assignment of error is moot.
Judgment vacated.
It is, therefore, ordered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and *Sweeney, J., Concur. (*SITTING BY ASSIGNMENT: Judge James D. Sweeney, Retired, of the Eighth District Court of Appeals.)