OPINION
{¶ 1} Defendant-appellant Anthony Blackmon appeals from his conviction in the Stark County Court of Common Pleas on two counts of aggravated robbery, with firearm specifications. The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 8, 2005, appellant was indicted on one count of robbery, in violation of R.C. 2911.02(A)(2), two counts of aggravated robbery, in violation of R.C. 2911.01(A)(1), both with firearm specifications, and one count of having a weapon while under disability, in violation of R.C. 2923.13(A)(2). The matter proceeded to a jury trial.
 {¶ 3} The following relevant facts were elicited at trial.[1] On April 2, 2005, appellant robbed a Minit Mart at gun point. Steven Pease, the store clerk, and Ken Wilcox, Jr., the store's owner were present. Appellant used a 9 mm. semiautomatic handgun and demanded that the store clerk and the owner open the cash register and give him the money in it. Wilcox told appellant that he could not open the cash register. Appellant shot the gun at the ceiling. Appellant ordered Pease to open the cash register. When Pease did not respond, appellant fired the gun again. Appellant subsequently threatened to shoot Pease or Wilcox. Ultimately, appellant unplugged the cash register and fled the store with the unopened cash register in hand.
 {¶ 4} Wilcox followed appellant out of the store. Wilcox grabbed the cash register from appellant and the cash register fell to the ground spilling its contents. Appellant then pointed the gun at Wilcox's chest and demanded the contents of Wilcox's pockets. Appellant indicated that Wilcox would either give appellant what he had in his pockets or appellant would shoot him. At that point, a car pulled up the alley in which Wilcox and appellant were located and ran over the cash register. Appellant then ran away and Wilcox followed. Eventually, appellant stopped and asked Wilcox why he was chasing him. They had a brief conversation and the chase resumed.
 {¶ 5} As the chase continued, Wilcox saw a police car. Wilcox waved down the police car. Appellant was captured by the police.
 {¶ 6} However, the jury could not reach a verdict on the count of robbery and the court declared a mistrial as to that count.[2] The jury found appellant guilty on the remaining charges. The trial court sentenced appellant to nine years in prison on one count of aggravated robbery, plus three years for the firearm specification. On the other count of aggravated robbery, the trial court sentenced appellant to six years in prison, plus three years for the firearm specification. The trial court merged the firearm specifications but ran the sentences for aggravated robbery consecutively. Appellant was sentenced to four years in prison on the count of having a weapon while under disability, to be served concurrently with the other two convictions. The sentence totaled 18 years.
 {¶ 7} It is from this conviction and sentence that appellant appeals, raising the following sole assignment of error:
 {¶ 8} "THE TRIAL COURT ERRED IN FAILING TO MERGE APPELLANT'S CONVICTIONS OF AGGRAVATED ROBBERY AND SENTENCING HIM TO CONSECUTIVE SENTENCES IN VIOLATION OF R.C. 2941.25 AND THE DOUBLE JEOPARDY CLAUSE OF ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE 5th AMENDMENT OF THE U.S. CONSTITUTION."
 {¶ 9} In the sole assignment of error, appellant contends that the trial court erred when it failed to merge appellant's two convictions for aggravated robbery and proceeded to sentence appellant to separate, consecutive sentences on each count. We disagree.
 {¶ 10} Revised Code 2941.25 prohibits conviction on two or more offenses that are allied offenses of similar import which were not committed with a separate animus.[3] The Ohio Supreme Court has stated that a reviewing court is to compare the elements of the offenses in the abstract. If the elements correspond, the crimes are allied offenses of similar import. If the crimes are allied offenses of similar import, the defendant may not be convicted of both crimes unless the court finds that the defendant committed the crimes separately or with separate animus. State v. Rance, 85 Ohio St.3d 632, 638-639,710 N.E.2d 699, 1999-Ohio-291.
 {¶ 11} Because the two counts were identical in this case, they were allied offenses of similar import. Thus, the issue is whether the offenses were committed separately or with a separate animus as to each count. If the crimes were committed separately or with separate animus, separate convictions and sentences may be imposed for the crimes. Upon review, we find that the two counts were committed separately and/or with separate animus.
 {¶ 12} As previously mentioned, appellant was convicted of two counts of aggravated robbery. One count concerned appellant's conduct while in the Minit Mart store and the other count concerned appellant's conduct against Wilcox after appellant fled the Minit Mart.
 {¶ 13} Evidence at trial showed that appellant entered the Minit Mart store where Steven Pease was working as one of the store clerks. The owner of the store, Wilcox, was also present. Appellant waved his gun around and demanded the money out of the cash register. When Wilcox responded that he could not open the register, appellant fired the gun into the ceiling. Appellant then demanded that Pease open the cash register. When Pease did not do so, appellant then shot the gun again. After threatening to shoot Pease or Wilcox, appellant unplugged the cash register and left the store with the cash register.
 {¶ 14} Wilcox followed appellant into an alley and grabbed the cash register. The cash register flipped upside down and its contents fell into the drive-through alley. Appellant then stuck the gun into Wilcox's chest, telling Wilcox to empty his pockets. Appellant threatened Wilcox, essentially telling him to empty his pockets, saying something about "20 bucks," or he would shoot him. Tr. 224-235.
 {¶ 15} The Ohio Supreme Court has held that when a defendant commits aggravated robbery against different victims during the same course of conduct, a separate animus exists for each offense. State v. Byrd (1987), 32 Ohio St.3d 79, 85,512 N.E.2d 1161; See also, State v. Battle, Franklin App. No. 03AP-39, 2003-Ohio-4687.
 {¶ 16} In this case, the facts show that the two counts of aggravated robbery were committed against two different victims. In addition, the two counts were committed separate and apart from each other. One count was committed in the Minit Mart and the other was committed when, after Wilcox followed appellant out of the store, appellant stopped, pointed a gun at Wilcox's chest and demanded money from Wilcox. Therefore, we find that the trial court did not err when it refused to merge the two offenses pursuant to R.C. 2941.25.
 {¶ 17} Appellant's sole assignment of error is overruled.
 {¶ 18} The Judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J. Farmer, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Evidence has been omitted which concerned the alleged robbery of National City Bank which gave rise to the count upon which appellant was not convicted.
[2] Subsequently, the State moved to dismiss the robbery count.
[3] Revised Code 2941.25 states as follows:
"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."