**[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 632.]**

THE STATE OF OHIO, APPELLANT, *v.* RANCE, APPELLEE.

[Cite as *State v. Rance*, 1999-Ohio-291.]

*Criminal law—Indictment—Multiple counts—Under R.C. 2941.25(A) analysis, statutorily defined elements of offense claimed to be of similar import are compared in the abstract—Involuntary manslaughter and aggravated robbery are not allied offenses of similar import—R.C. 2941.25(A) and constitutional protections against double jeopardy do not prohibit trial courts from imposing separate sentences for both involuntary manslaughter and aggravated robbery.*

1. Under an R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared *in the abstract.* (*Newark v. Vazirani* [1990], 48 Ohio St.3d 81, 549 N.E.2d 520, overruled.)

2. Involuntary manslaughter and aggravated robbery are not allied offenses of similar import.

3. In Ohio it is unnecessary to resort to the *Blockburger* test in determining whether cumulative punishments imposed within a single trial for more than one offense resulting from the same criminal conduct violate the federal and state constitutional provisions against double jeopardy. Instead, R.C. 2941.25's two-step test answers the constitutional and state statutory inquiries. The statute manifests the General Assembly's intent to permit, in appropriate cases, cumulative punishments for the same conduct. (*Garrett v. United States* [1985], 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764; *Albernaz v. United States* [1981], 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275; *State v. Bickerstaff* [1984], 10 Ohio St.3d 62, 10 OBR 352, 461 N.E.2d 892, approved and followed.)

(Nos. 98-2 and 98-130—Submitted February 9, 1999—Decided June 16, 1999.)

APPEAL from and CERTIFIED by the Court of Appeals for Lucas County, No. L-96-277.

_____

{¶ 1} Giano Rance pleaded guilty to one count of involuntary manslaughter and one count of aggravated robbery in violation of R.C. 2903.04(A) and former 2911.01(A)(2), now (A)(3).  The trial court sentenced Rance to consecutive terms of imprisonment on each count, imposing an aggregate sentence of sixteen to fifty years.    Rance moved to correct his sentence, claiming that involuntary manslaughter and aggravated robbery are allied offenses of similar import as defined in R.C. 2941.25(A).  He appealed the sentence, however, before the trial court ruled on the motion.

{¶ 2} On appeal, Rance argued that R.C. 2941.25(A) and the Double Jeopardy Clauses of the United States and Ohio Constitutions preclude the trial court from imposing separate, consecutive sentences for involuntary manslaughter and aggravated robbery.  The court of appeals determined that because "involuntary manslaughter necessarily encompasses all of the elements of aggravated robbery," sentencing Rance for both crimes violated R.C. 2941.25(A) and the state and federal constitutional guarantees against double jeopardy.  *State v. Rance* (Dec. 5, 1997), Lucas App. No. L-96-277, unreported, at 5, 1997 WL 770974.  Recognizing the discord between its decision and those of other Ohio appellate courts, the Sixth District Court of Appeals certified a conflict in this case.

{¶ 3} Case No. 98-2 is before this court upon our determination that a conflict exists.  Case No. 98-130 is before this court upon the allowance of a discretionary appeal.

_____

2

*Julia R. Bates,* Lucas County Prosecuting Attorney, *Craig T. Pearson*, *Brenda J. Majdalani* and *Dean P. Mandross,* Assistant Prosecuting Attorneys, for appellant.

*Jeffrey M. Gamso,* for appellee.

_____

**Cook, J.**

**{¶ 4}** Do R.C. 2941.25(A) and the constitutional protections against double jeopardy prohibit trial courts from imposing separate sentences for both involuntary manslaughter and aggravated robbery?  Pursuant to Ohio's multiple-count statute, R.C. 2941.25, our answer to this question is "No."

DOUBLE JEOPARDY

**{¶ 5}** The double jeopardy protections afforded by the federal and state Constitutions guard citizens against both successive prosecutions and cumulative punishments for the "same offense."  *State v. Moss* (1982), 69 Ohio St.2d 515, 518, 23 O.O.3d 447, 448-449, 433 N.E.2d 181, 184.  This case does not involve the successive-prosecution branch of the Double Jeopardy Clause.  Instead, Rance objects to the cumulative punishments imposed in a single trial for his convictions of two separate offenses that he claims constitute the same offense for double jeopardy purposes.

**{¶ 6}** We initially note that the Fifth Amendment's Double Jeopardy Clause (made applicable to the states by the Fourteenth Amendment) and Ohio's counterpart are sufficiently similar to warrant consultation of federal jurisprudence when analyzing Ohio's proscription against placing persons "twice * * * in jeopardy for the same offense."  Section 10, Article I, Ohio Constitution.  See, *e.g.*, *Moss, supra.*

**{¶ 7}** Rance contends that according to the Supreme Court's decision in *Blockburger v. United States* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309, he cannot be convicted of both involuntary manslaughter and aggravated

robbery when the same act provides the grounds for both charges. The test outlined in *Blockburger* for determining whether two offenses are the same for double jeopardy purposes is whether each offense requires proof of an element that the other does not. *Id.* See, also, *Brown v. Ohio* (1977), 432 U.S. 161, 165-166, 97 S.Ct. 2221, 2225-2226, 53 L.Ed.2d 187, 194-195.

{¶ 8} A legislature, however, may prescribe the imposition of cumulative punishments for crimes that constitute the same offense under *Blockburger* without violating the federal protection against double jeopardy or corresponding provisions of a state's constitution. *Albernaz v. United States* (1981), 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275, 285; *State v. Bickerstaff* (1984), 10 Ohio St.3d 62, 65, 10 OBR 352, 355, 461 N.E.2d 892, 895. In this regard, where a legislature expresses its intent to permit cumulative punishments for such crimes, the *Blockburger* test must yield. *Albernaz*, 450 U.S. at 340, 101 S.Ct. at 1143, 67 L.Ed.2d at 282. See, also, *Bickerstaff*, 10 Ohio St.3d at 66, 10 OBR at 356, 461 N.E.2d at 896, fn. 1. "[T]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter* (1983), 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535, 542. See, also, *Moss,* 69 Ohio St.2d at 518, 23 O.O.3d at 449, 433 N.E.2d at 184-185.

{¶ 9} For this reason, although two offenses constitute the same offense under *Blockburger,* when a legislature signals its intent to either prohibit or permit cumulative punishments for conduct that may qualify as two crimes, application of *Blockburger* would be improper; the legislature's expressed intent is dispositive. See *Ohio v. Johnson* (1984), 467 U.S. 493, 499, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425, 433.

{¶ 10} We agree, therefore, with the state's contention that the familiar *Blockburger* test, which is a rule of statutory construction, is not useful where the General Assembly's intent is clear. "[T]he *Blockburger* rule is not controlling when

4

the legislative intent is clear from the face of the statute or the legislative history." *Garrett v. United States* (1985), 471 U.S. 773, 779, 105 S.Ct. 2407, 2411, 85 L.Ed.2d 764, 771. We thus evaluate Rance's double jeopardy argument by deciding whether the General Assembly intended as a sentencing possibility separate, cumulative punishments for both aggravated robbery and involuntary manslaughter when the two offenses stem from a single criminal act.

## OHIO'S MULTIPLE-COUNT STATUTE

{¶ 11} We discern the General Assembly's intent on this subject through review of Ohio's multiple-count statute, R.C. 2941.25. If the court's sentencing of Rance accords with the multiple-count statute, that harmony with the legislative intent precludes an "unconstitutional" label. See *Albernaz,* 450 U.S. at 344, 101 S.Ct. at 1145, 67 L.Ed.2d at 285; *Bickerstaff,* 10 Ohio St.3d at 65-66, 10 OBR at 355-356, 461 N.E.2d at 895-896. This court has stated that Ohio's multiple-count statute "is a clear indication of the General Assembly's intent to permit cumulative sentencing for the commission of certain offenses." *Id.* at 66, 10 OBR at 356, 461 N.E.2d at 896, fn. 1.

{¶ 12} With its multiple-count statute Ohio intends to permit a defendant to be punished for multiple offenses of *dissimilar import*. R.C. 2941.25(B); *State v. Blankenship* (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816, 817. If, however, a defendant's actions "can be construed to constitute two or more allied offenses of *similar import*," the defendant may be convicted (*i.e.,* found guilty and punished) of only one. R.C. 2941.25(A). But if a defendant commits offenses of similar import separately or with a separate animus, he may be punished for both pursuant to R.C. 2941.25(B). *State v. Jones* (1997), 78 Ohio St.3d 12, 13-14, 676 N.E.2d 80, 81.

{¶ 13} Were Rance's crimes allied offenses of similar import? The applicable test for deciding that issue is as follows: If the elements of the crimes " 'correspond to such a degree that the commission of one crime will result in the

commission of the other, the crimes are allied offenses of similar import.' " *Id.* at 13, 676 N.E.2d at 81, quoting *Blankenship*, 38 Ohio St.3d at 117, 526 N.E.2d at 817. If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends—the multiple convictions are permitted. R.C. 2941.25(B). See, also, *State v. Mughni* (1987), 33 Ohio St.3d 65, 68, 514 N.E.2d 870, 873.

**{¶ 14}** A problem inherent in the application of the test for similar/dissimilar import is whether the court should contrast the statutory elements in the abstract or consider the particular facts of the case. We think it useful to settle this issue for Ohio courts, and we believe that comparison of the statutory elements in the abstract is the more functional test, producing "clear legal lines capable of application in particular cases." *Kumho Tire Co., Ltd. v. Carmichael* (1999), 526 U.S. ___, ___, 119 S.Ct. 1167, 1174, 143 L.Ed.2d 238, 250.

**{¶ 15}** Because the comparison of elements of offenses outlined in *Blockburger* is reflected in R.C. 2941.25(A), courts engage in a similar analysis whether applying *Blockburger* or Ohio's multiple-count statute. Therefore, cases discussing and applying *Blockburger* are helpful, though not controlling, in our examination of Ohio law. For example, in its *Whalen* decision the United States Supreme Court considered whether to analyze abstract elements or particular facts upon review of a case with a factual scenario similar to the instant case. *Whalen v. United States* (1980), 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715. Whalen was convicted of rape and of killing the victim during the commission of the rape. Discussing *Blockburger*'s applicability to multiple punishments imposed in a single criminal proceeding, and in particular to compound and predicate offenses,[1] Justice Rehnquist observed:

---

1. Felonious assault was actually the charged predicate offense to the involuntary manslaughter count against Rance. The felonious assault was the act of beating the victim during and in furtherance of the robbery. Although aggravated robbery technically was not the predicate offense underlying the involuntary manslaughter charge, the assault that resulted in the victim's death was

"The multiplicity of predicates creates problems when one attempts to apply *Blockburger*. If one applies the test in the abstract by looking solely to the wording of [the statutes], *Blockburger* would always permit imposition of cumulative sentences * * *. If, on the other hand, one looks to *the facts alleged in a particular indictment* brought under [the statute], then *Blockburger* would bar cumulative punishments for violating [the compound offense] and the particular predicate offense charged in the indictment, since proof of the former would necessarily entail proof of the latter.

" * * *

"If one tests the above-quoted statutes in the abstract, one can see that rape is not a lesser included offense of felony murder, because proof of the latter will not necessarily require proof of the former. One can commit felony murder without rape and one can rape without committing felony murder. If one chooses to apply *Blockburger* to the *indictment* in the present case, however, rape is a 'lesser included offense' of felony murder because *in this particular case*, the prosecution could not prove felony murder without proving the predicate rape.

"Because this Court has never been forced to apply *Blockburger* in the context of compound and predicate offenses, we have not had to decide whether *Blockburger* should be applied abstractly to the statutes in question or specifically to the indictment as framed in a particular case. Our past decisions seem to have assumed, however, that *Blockburger*'s analysis stands or falls on the wording of the statutes alone. * * * Moreover, because the *Blockburger* test is simply an attempt to determine legislative intent, it seems more natural to apply it to the language as drafted by the legislature than to the wording of a particular indictment."

---

the single criminal act supporting both the aggravated robbery and involuntary manslaughter charges. Justice Rehnquist's analysis is therefore appropriate in this case.

(Emphasis *sic*; footnote omitted.) *Id.* at 709-711, 100 S.Ct. at 1447-1448, 63 L.Ed.2d at 735-737 (Rehnquist, J., dissenting).

{¶ 16} We agree with Justice Rehnquist's view that if it is necessary to compare criminal elements in order to resolve a case, those elements should be compared in the statutory abstract. In the past this court has applied R.C. 2941.25(A) both ways. In some cases the court has compared the elements of the crimes by reference to the particular facts alleged in the indictment. See, *e.g.*, *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 83, 549 N.E.2d 520, 522 ("*Given the facts of this case*, we find that [the two crimes charged are allied offenses of similar import]"). (Emphasis added.) In other cases, this court has compared the statutory elements of the offenses in the abstract. See, *e.g.*, *State v. Richey* (1992), 64 Ohio St.3d 353, 369, 595 N.E.2d 915, 928 (aggravated murder requires purposefully killing another while committing only one of nine specified felonies; aggravated arson, one of the nine specified felonies, does not require a purposeful killing). This inconsistency has caused disharmony among the appellate courts. See *State v. Anderson* (1984), 16 Ohio App.3d 251, 254, 16 OBR 275, 277-278, 475 N.E.2d 492, 496, overruled on other grounds, *State v. Campbell* (1991), 74 Ohio App.3d 352, 598 N.E.2d 1244; *State v. Metcalf* (Mar. 25, 1998), Highland App. No. 97CA937, unreported, 1998 WL 131517; *State v. Brown* (May 1, 1991), Lorain App. Nos. 90CA004836 and 90CA004838, unreported, 1991 WL 70817 (all comparing statutory elements in the abstract when undertaking the first step in the R.C. 2941.25 analysis). Cf. *State v. Lang* (1995), 102 Ohio App.3d 243, 656 N.E.2d 1358; *Dayton v. McLaughlin* (1988), 50 Ohio App.3d 69, 552 N.E.2d 965; *State v. Johnson* (May 1, 1998), Hamilton App. No. C-970180, unreported, 1998 WL 212752 (all comparing elements of offenses in light of the particular facts in the case).

{¶ 17} In Rance's case, the court of appeals examined the particular facts of the case in determining whether aggravated robbery and involuntary

manslaughter are of similar import. Rance's accomplice beat the robbery victim to death with a large stick while Rance took items from the victim's home. Comparing the elements of the offenses in light of the particular facts, the lower court concluded that the two are allied: beating the victim to facilitate taking his property constituted aggravated robbery and beating the victim *to death* to facilitate taking his property constituted involuntary manslaughter. The court of appeals concluded, therefore, that in this particular case and on these specific facts, the involuntary manslaughter charge encompassed the aggravated robbery—proof of the facts constituting the aggravated robbery was necessary to prove involuntary manslaughter.[2]

{¶ 18} But contrary to the approach taken by the court of appeals, we today clarify that under an R.C. 2941.25(A) analysis the statutorily defined elements of offenses that are claimed to be of similar import are compared *in the abstract. Newark v. Vazirani, supra,* and language in other opinions to the contrary, are overruled. Courts should assess, by aligning the elements of each crime in the abstract, whether the statutory elements of the crimes "correspond to such a degree that the commission of one crime will result in the commission of the other." *Jones*, 78 Ohio St.3d at 14, 676 N.E.2d at 81. And if the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus. R.C. 2941.25(B); *Jones*,

---

2. Even when looking at the specific facts of Rance's case, however, the court of appeals failed to consider that the predicate offense to the involuntary manslaughter charge was felonious assault, not aggravated robbery. Thus, although proof of the beating was necessary to prove involuntary manslaughter, a finder of fact might have concluded that while the beating was proved beyond a reasonable doubt, theft was not. Even examining the particular facts of this case, then, proof of aggravated robbery was not necessary to proving involuntary manslaughter.

78 Ohio St.3d at 14, 676 N.E.2d at 81 (a defendant may be convicted of allied offenses of similar import if the defendant's conduct reveals that the crimes were committed separately or with separate animus).

{¶ 19} Aligning the elements of Rance's offenses, we determine that involuntary manslaughter and aggravated robbery are not allied offenses of similar import. In this case, the particular charge was causing the death of another during the commission of a felonious assault—the assault, in turn, occurred during a robbery. Involuntary manslaughter requires causing the death of another as a proximate result of committing or attempting to commit a felony. R.C. 2903.04(A). Aggravated robbery does not require that the victim be killed or even injured. Violation of the particular code section with which Rance was charged requires only that the defendant inflict, or attempt to inflict, serious physical harm. Former R.C. 2911.01(A)(2), now (A)(3). Aggravated robbery requires a theft offense or an attempt to commit one. Involuntary manslaughter does not, since aggravated robbery is only one of the many felonies that may support a charge of involuntary manslaughter. Because each offense requires proof of an element that the other does not, they are not allied offenses of similar import.

{¶ 20} Reviewed in the abstract, then, involuntary manslaughter and aggravated robbery are not allied offenses because the commission of one will not automatically result in commission of the other. *State v. Preston* (1986), 23 Ohio St.3d 64, 23 OBR 197, 491 N.E.2d 685. Because these offenses are of dissimilar import based on an abstract comparison of the statutory elements, Rance may be punished for both, and his separate sentence for each offense does not violate R.C. 2941.25 or the constitutional guarantees against double jeopardy.

## CONCLUSION

{¶ 21} In Ohio it is unnecessary to resort to the *Blockburger* test in determining whether cumulative punishments imposed within a single trial for more than one offense resulting from the same criminal conduct violate the federal

and state constitutional provisions against double jeopardy. Instead, R.C. 2941.25's two-step test answers the constitutional and state statutory inquiries. The statute manifests the General Assembly's intent to permit, in appropriate cases, cumulative punishments for the same conduct. The sole question, then, is one of state statutory construction: are the offenses at issue those certain offenses for which the General Assembly has approved multiple convictions pursuant to R.C. 2941.25?

{¶ 22} Under R.C. 2941.25(A), involuntary manslaughter and aggravated robbery are not allied offenses of similar import. Accordingly, we reverse the judgment of the court of appeals and reinstate the original sentences imposed by the trial court.

*Judgment reversed.*

MOYER, C.J., F.E. SWEENEY and PFEIFER, JJ., concur.

RESNICK, J., concurs in paragraphs one and two of the syllabus and in the judgment.

DOUGLAS, J., concurs in judgment.

LUNDBERG STRATTON, J., concurs in judgment only.

_____