OPINION
Defendant-appellant Brandon Edwards appeals from his conviction and sentence for Forgery and for Taking the Identity of Another. He contends that the trial court erred by not merging the two offenses, even though each contains at least one element that the other does not. Edwards contends that it is "unfair" not to merge the convictions where one was committed with the intent of committing the other.
We conclude that the exception to the rule articulated by the Ohio Supreme Court in State v. Rance (1999), 85 Ohio St.3d 632, that Edwards asks us to find does not exist. Accordingly, the judgment of the trial court is Affirmed.
 I
Edwards opened an account at an Elder-Beerman's store, using the name, address, and all relevant information pertaining to another individual by the name of Mr. Coronado. Edwards then attempted to make a purchase at an Elder-Beerman's store, and signed Mr. Coronado's name to consummate the purchase.
Edwards' criminal purpose was evidently discovered when he tried to make the purchase using a false identity, and he was charged by indictment with Taking the Identity of Another, in violation of R.C.2913.49(B), and with Forgery, in violation of R.C. 2913.31(A)(3). Edwards pled guilty, and was sentenced to incarceration for eleven months on each charge, to be served consecutively. From his conviction and sentence, Edwards appeals.
 II
Edwards's sole assignment of error is as follows:
 EVEN IF TWO OFFENSES ARE COMMITTED IN THE SAME SCHEME OF CRIMINAL ENTERPRISE, IF ONE OF THE TWO OFFENSES CAN BE COMMITTED WITHOUT THE SECOND BEING COMMITTED THE TWO OFFENSES ARE NOT ALLIED OFFENSES OF SIMILAR IMPORT. HOWEVER, AN EXCEPTION SHOULD BE CARVED OUT WHEN THE FIRST OFFENSE IS COMMITTED WITH THE INTENT TO COMMIT THE SECOND.
The first offense with which Edwards was charged, Taking the Identity of Another, is prescribed by R.C. 2913.49(C), which provides as follows:
 No person shall obtain, possess, or use any personal identifying information of any living or dead individual with the intent to fraudulently obtain credit, property, or services or avoid the payment of a debt or any other legal obligation.
This offense was complete when Edwards obtained a store credit account using a false identity, with the purpose of later making a purchase and fraudulently relying upon the credit of the individual whose identity he was assuming.
The second offense with which Edwards was charged, Forgery, is prescribed as follows:
 No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:
* * *
 (3) Utter, or possess with purpose to utter, any writing that the person knows to have been forged.
This offense was not completed until Edwards forged Mr. Coronado's signature to the charge slip for the item he purchased on credit.
As Edwards notes, two offenses are not required to be merged as allied offenses of similar import if each contains at least one element that the other does not. State v. Rance (1999), 85 Ohio St.3d 632. Edwards argues that an exception should be recognized where one offense is committed with the intent of committing the other offense. Edwards argues that because his intent, in violating the Taking the Identity of Another statute, was to put himself in the position of defrauding the store by forging that other person's signature, the two offenses should be deemed to be allied offenses of similar import, even though they fail the test set forth in State v. Rance, supra.
We decline to find the exception urged by Edwards. We find nothing inState v. Rance, supra, to suggest any exception based upon the purposes with which a defendant commits either or both offenses. As for Edwards' claim that it is fundamentally "unfair" to impose sentences for both of these offenses, no less an authority than the United States Supreme Court has found that a state may impose multiple punishments for the same conduct, as long as the multiple punishments are clearly prescribed by the legislation establishing the offense or offenses. Albernaz v. UnitedStates (1981), 450 U.S. 333, at 340, 101 S.Ct. 1137, at 1143,67 L.Ed.2d 275.
Finally, we find nothing inherently unfair in Edwards' having been convicted and sentenced for both offenses. By stealing Coronado's identity, Edwards subjected Coronado to the potentially serious consequence of damaged credit, which might have made it difficult for Coronado to purchase a home, or enter into other transactions requiring good credit. Fortunately for Coronado, Edwards' criminal scheme was detected almost immediately. By contrast, the principal victim of the forgery was the store, which, had it not timely detected Edwards' criminal scheme, would have extended credit based upon the fraudulently-induced impression that it was relying upon Coronado's creditworthiness.
Edwards' sole assignment of error is overruled.
 III
Edwards' sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and GRADY, J. J., concur.