OPINION
Leslie E. Smith-Markham appeals from a judgment of the Montgomery County Court of Common Pleas, which found her guilty of theft following her plea of no contest. Smith-Markham entered the plea after the trial court had overruled her motion to dismiss the indictment on double jeopardy grounds.
The facts and procedural history of the case are as follows. Smith-Markham had been the manager of an apartment complex. She was accused of removing coins from the laundry machines at the apartment complex and appropriating them for her own use. In October 2000, she was indicted on one count of theft in violation of R.C. 2913.02(A)(1), which provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent." Smith-Markham was tried in February 2001 and, at the close of the state's case, she moved for an acquittal pursuant to Crim.R. 29(A). The trial court entered a judgment of acquittal. The court reasoned that Smith-Markham had not violated R.C.2913.02(A)(1) because collecting the laundry monies had been part of her responsibilities as manager of the apartment complex, and therefore she had not obtained or exerted control over the laundry monies without the consent of the owner or person authorized to give consent. The trial court noted that what Smith-Markham had actually done was to exert control over the monies beyond the owner's consent rather than without
the owner's consent. Exerting control beyond the owner's consent is encompassed by R.C. 2913.02(A)(2).
On May 15, 2001, Smith-Markham was indicted on one count of theft in violation of R.C. 2913.02(A)(2), which states that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [b]eyond the scope of the express or implied consent of the owner or person authorized to give consent." On June 11, 2001, Smith-Markham filed a motion to dismiss based on the double jeopardy clause and the doctrine of collateral estoppel. The trial court overruled the motion. Smith-Markham then changed her plea to no contest, and she was convicted. She was sentenced to community control sanctions for a period not to exceed five years.
Smith-Markham raises one assignment of error on appeal.
"THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY NOT GRANTING HER MOTION TO DISMISS."
Smith-Markham argues that the state was allowed to litigate the same conduct in two different cases in violation of the double jeopardy clause.
In her brief, Smith-Markham discusses Blockburger v. United States
(1932), 284 U.S. 299, 304, 52 S.Ct. 180, 182, at some length, but she seems to concede that her case does not satisfy the test for double jeopardy set forth in Blockburger. Blockburger sets forth the traditional test for determining whether two offenses are the same and looks to "whether each offense requires proof of an element that the other does not." Id. See, also, State v. Rance, 85 Ohio St.3d 632, 634-635,1999-Ohio-291. R.C. 2913.02(A)(1) and (A)(2) each require proof of an element that the other does not: R.C. 2913.02(A)(1) requires the state to show that the thief acted to exert control over property without the owner's consent, while R.C. 2913.02(A)(2) requires the state to show that the thief acted to exert control beyond the owner's consent. Because each offense contains an element that the other offense does not, Blockburger
does not prohibit Smith-Markham's second indictment.
Smith-Markham also asks us to reexamine our decision in State v.Morris (Mar. 9, 2001), Montgomery App. No. 18321, and to conclude that "an issue cannot * * * be relitigated between the same parties in any future lawsuit once an issue of ultimate fact has * * * been determined by a valid and final judgment." The trial court had adopted this position in Morris, a case in which a father was first tried for rape and attempted rape of his two daughters and, then, following a finding of insufficient evidence, tried for sexual battery and attempted sexual battery. We held that the trial court had erred because, even though the same incidents had been at issue in the two prosecutions, each offense had required proof of a fact that the other had not. We relied on theBlockburger analysis in concluding that double jeopardy had not barred the second prosecution. We rely on Blockburger in this case as well in reaching the same conclusion.
The assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and GRADY, J., concur.