JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
The defendant-appellant, Harold Gross, appeals from his conviction for cultivating marijuana in violation of R.C2925.04(A) and for possessing the same marijuana in violation of R.C. 2925.11(A). The trial court found that Gross had proved that the marijuana was cultivated for his personal use under R.C.2925.04(F) and thus sentenced Gross on a fourth-degree misdemeanor for the cultivation charge. But because R.C.2925.11(F) did not provide for the same sentence reduction for personal use, the court sentenced Gross on a fifth-degree felony for possessing the same marijuana he had cultivated.
In his first two assignments of error, Gross challenges what he believes is a legislative oversight — the failure to apply the same benefit for personal use that reduces cultivating marijuana from a fifth-degree felony to a fourth-degree misdemeanor to the separate charge of possessing marijuana. In his first assignment of error, he asserts that the legislature could not have intended such a result, and that this court should construe R.C.2925.11(A) as subject to the same sentence reduction for personal use, despite the complete lack of such a provision in the statute itself. In his second assignment of error, he argues that he was denied his right to equal protection of the law because, in his view at least, R.C. 2925.11(A) provides for sentence reduction for personal use when possessing marijuana is charged as a fourth-degree felony, but not as a fifth-degree felony. We are not persuaded by either argument.
Even were we to agree with Gross that the sentence-reducing factor of personal use should logically extend to possession as well as to cultivation, at least when it pertains to the same marijuana, we cannot agree that reading a personal-use provision into R.C. 2925.11(A) can be justified as a legitimate exercise of statutory construction. The possession statute makes absolutely no provision for personal use of marijuana and is not otherwise ambiguous. For us to read into the statute a personal-use provision for marijuana possession simply on the basis of what we believe to be superior logic would be an act of statutory revision, not statutory construction.
Furthermore, we reject the premise of Gross's constitutional argument, that the legislature has acted irrationally by taking into consideration personal use when possession of marijuana is charged as a fourth-degree felony but not as fifth-degree felony. As the prosecution points out, R.C. 2925.11 provides that the personal-use provision applies to certain fourth-degree-felony drug-possession charges, but only to drugs other thanmarijuana. In other words, this is not a case in which personal use is incongruously considered for a more severe degree of possession of marijuana but not for a lesser.
It would appear, rather, that the General Assembly has made a legislative decision to treat the charge of possessing marijuana more seriously than cultivation, at least when the former can be shown to be for personal use. The legislature, it should be noted, could properly criminalize both acts and punish them separately, even with respect to the same marijuana. See Statev. Rance, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699. Moreover, the legislature was not required to take into consideration personal use for either offense, and it could have strictly punished either. The legislature could have also rationally perceived cultivation as an ancillary or derivative offense to possession, thus providing for some consideration of personal use. As the state points out, the law does provide for misdemeanor marijuana possession, but only upon the basis of amount, not purpose. Conversely, the legislature has also removed consideration of personal use when the amount of marijuana cultivated exceeds 1000 grams. R.C. 2925.04(F). While more than casual examination is required, it is clear to us that the statutory scheme cannot be said to be irrational.
Gross's first two assignments of error are overruled.
In his third assignment of error, Gross argues that his trial counsel was ineffective for not raising these same issues below. However, as we do not find these issues meritorious, we do not find any ineffectiveness on the part of trial counsel.
Gross's third assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Gorman and Sundermann, JJ.