JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Patrice Ransby appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 {¶ 2} On November 30, 2004, the Cuyahoga County Grand Jury filed an eight-count indictment against Patrice Ransby and her co-defendants.
 {¶ 3} Jennifer Johnson and Kasonja McClain. Ransby was charged in five counts. She was charged with passing bad checks (counts one, two, three, and four), in violation of R.C. 2913.11, and theft (count five), in violation of R.C. 2913.02.
 {¶ 4} After Ransby executed a written jury waiver and orally waived her right to a trial by jury, a bench trial was held in the Cuyahoga County Court of Common Pleas on May 17, 2005. The trial court granted defendant's Rule 29 motion for judgment of acquittal as to counts one, two, and three, but denied it as to counts four and five. The trial court found Ransby guilty of passing bad checks (count four) and theft (count five), based on a transaction involving the purchase of a washer and dryer from an appliance store. At a June 22, 2005 sentencing hearing, the trial court sentenced Ransby to two years of community control and ordered her to pay $701.78 in restitution at a rate of $50 per month. This appeal follows.
 {¶ 5} According to the facts, appellant opened a checking account with Charter One Bank in October 2003. However, the checking account was closed in April 2004 because of overdraft activity on the account. Euclid police received a call from BB Appliances in connection with a check fraud. Euclid police conducted a follow-up investigation involving Patrice Ransby's closed checking account and an order for a television from BB Appliances. On September 28, 2004, BB Appliances delivered a washer and dryer to Patrice Ransby at the 1365 East 141st Street, Cleveland, Ohio address.
 {¶ 6} At the time of delivery, Patrice Ransby signed the invoice for the washer and dryer and paid for the items with a check in the amount of $701.78. The delivery driver identified appellant as the person who accepted delivery of the appliances and who paid with a check. Appellant submitted a check in her name to BB Appliances knowing that her checking account had been closed since April 2004. When the Euclid police gave the appellant an opportunity to assist in the investigation of the fraudulent activity involving her closed checking account, she failed to provide any assistance.
 {¶ 7} Appellant now appeals.
 I. {¶ 8} Appellant's assignments of error state the following:
I. "The trial court's determination of guilt was not supported by sufficient evidence as required by due process."
II. "The trial court's determination of guilt on counts four and five was against the manifest weight of the evidence."
III. "Appellant's conviction and sentence on counts four and five violated Ohio's multiple-count statute, R.C. 2941.25, and her constitutional protection against double jeopardy."
 II. {¶ 9} Because of the substantial interrelation between appellant's first two assignments of error, we shall address them together. The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. With respect to sufficiency of the evidence, sufficiency is a term of art, meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52.
 {¶ 10} Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief. When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a thirteenth juror and disagrees with the fact finder's resolution of the conflicting testimony. Id.
 {¶ 11} In the case at bar, appellant was convicted of two offenses. The first was a violation of R.C. 2913.11, passing bad checks, which in pertinent part provides:
"(B) No person, with purpose to defraud, shall issue or transfer or cause to be issued or transferred a check or other negotiable instrument, knowing that it will be dishonored or knowing that a person has ordered or will order stop payment on the check or other negotiable instrument.
(C) For purposes of this section, a person who issues or transfers a check or other negotiable instrument is presumed to know that it will be dishonored if either of the following occurs:
(1) The drawer had no account with the drawee at the time ofissue or the stated date, whichever is later;
(2) The check or other negotiable instrument was properly refused payment for insufficient funds upon presentment within thirty days after issue or the stated date, whichever is later, and the liability of the drawer, indorser, or any party who may be liable thereon is not discharged by payment or satisfaction within ten days after receiving notice of dishonor."
(Emphasis added.)
 {¶ 12} Appellant's second conviction was for theft, a violation of
 {¶ 13} R.C. 2913.02, which provides the following:
"(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
(1) Without the consent of the owner or person authorized to give consent;
(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
(3) By deception;
(4) By threat;
(5) By intimidation."
 {¶ 14} R.C. 2941.25, multiple counts, states the following:
"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 15} There is nothing in the record demonstrating that the evidence in this case is anything but legally sufficient to support the verdict. Furthermore, there is nothing in the record suggesting that the trial court lost its way and created a miscarriage of justice requiring reversal of appellant's conviction.
 {¶ 16} The evidence in the record confirms that appellant opened an account at Charter One Bank, which was subsequently closed because of an overdraft of approximately $3,200. The evidence further demonstrates that a Charter One Bank check was given to a BB Appliances delivery driver on September 28, 2004. Moreover, the record substantiates that BB Appliances received an order from appellant and delivered the items to her address at 1365 East 141st Street, Cleveland, Ohio, as per an invoice signed by Patrice Ransby. The driver testified that he was certain that Patrice Ransby was the exact same person he delivered the washer and dryer to on September 28, 2004.
 {¶ 17} Based on the evidence presented at the trial, as well as the lower court's review of that evidence, we find appellant's first and second assignments of error to be without merit. We find that the state presented sufficient evidence to support appellant's conviction. Furthermore, we find that the conviction was not against the manifest weight of the evidence.
 {¶ 18} Accordingly, appellant's first and second assignments of error are overruled.
 {¶ 19} Appellant argues in her third assignment of error that her conviction and sentence violated Ohio's multiple-count statute and her constitutional protection against double jeopardy.
 {¶ 20} When considering whether offenses are of similar import under R.C. 2941.25(A), allowing a defendant's conviction of only one such offense, a court must compare the statutorily defined elements of the offenses and determine whether they correspond to such a degree that the commission of one crime will result in the commission of the other. State v. Copeland,
Butler App. No. CA 2003-12-320, 2005-Ohio-5899.
 {¶ 21} A comparison of the elements of these two offenses, passing bad checks and theft, reveals that they are not allied offenses in every circumstance. It is not necessary that the presentment of a bad check results in the commission of another offense, such as theft.
 {¶ 22} R.C. 2931.01(B) defines defraud as "knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another." The appellant in this case was indicted and convicted of theft under the following elements: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services, without the consent of the owner or person authorized to give consent." R.C.2913.02(A)(1). The offenses are not allied offenses of similar import because the commission of one offense will not automatically result in the commission of the other when reviewed in the abstract. State v. Rance (1999), 85 Ohio St.3d 632, 639.
 {¶ 23} The charges in the indictment are not allied offenses of similar import. Therefore, the trial court may convict and sentence appellant on both. The trial court properly sentenced appellant on both counts and did not violate the double jeopardy provisions of the United States Constitution.
 {¶ 24} Accordingly, appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and Corrigan, J., concur.