OPINION
{¶ 1} On November 14, 2005, the Licking County Grand Jury indicted appellant, Romero Hairston, on one count of aggravated robbery in violation of R.C. 2911.01 and two counts of kidnapping in violation of R.C. 2905.01. The counts carried firearm specifications. Said charges arose from the robbery of Thomas Muncey and his girlfriend, Tabitha Manson. After the robbery, appellant bound the couple with duct tape and locked them in a bathroom.
 {¶ 2} On March 15, 2006, appellant pled guilty as charged. By judgment entry filed March 16, 2006, the trial court refused to merge the robbery and kidnapping charges, and sentenced appellant to an aggregate term of twelve years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN FAILING TO MERGE THE KIDNAPPING COUNTS WITH THE AGGRAVATED ROBBERY COUNT."
 II {¶ 5} "THE TRIAL COURT ERRED IN MAKING FACTUAL FINDINGS AS THE BASIS FOR IMPOSING CONSECUTIVE SENTENCES, IN VIOLATION OF HAIRSTON'S SIXTH AMENDMENT RIGHT TO TRIAL BY JURY ON ANY FACT THAT INCREASES THE AMOUNT OF PUNISHMENT IMPOSED AND SERVES TO REBUT THE PRESUMPTION OF CONCURRENT SENTENCING."
 I {¶ 6} Appellant claims the trial court erred in not merging the robbery and kidnapping charges. We disagree.
 {¶ 7} Appellant argues the facts demonstrate appellant acted with a single animus and therefore the counts should have been merged pursuant to R.C. 2941.25(A) which states, "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."
 {¶ 8} In State v. Rance (1999), 85 Ohio St.3d 632, 636, the Supreme Court of Ohio examined the issue of allied offenses of similar import and held the following:
 {¶ 9} "The applicable test for deciding that issue is as follows: If the elements of the crimes `"correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import. "`* * * If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends — the multiple convictions are permitted. * * *
 {¶ 10} "A problem inherent in the application of the test for similar/dissimilar import is whether the court should contrast the statutory elements in the abstract or consider the particular facts of the case. We think it useful to settle this issue for Ohio courts, and we believe that comparison of the statutory elements in the abstract is the more functional test, producing `clear legal lines capable of application in particular cases.' * * *" (Citations omitted.)
 {¶ 11} The elements of aggravated robbery (R.C. 2911.01) and kidnapping (R.C. 2905.01) are as follows, respectively:
 {¶ 12} "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 13} "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it.
 {¶ 14} "(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
 {¶ 15} "(2) To facilitate the commission of any felony or flight thereafter."
 {¶ 16} Because appellant pled to the robbery and kidnapping charges, we must rely on the case file, the statements made during the plea hearing and any discovery to determine if a separate animus exists.
 {¶ 17} During the plea hearing, the following facts were introduced:
 {¶ 18} "Upon arrival, two victims were identified as Thomas Muncey and Tabitha Manson and subsequently reported earlier that day the Defendant, Romero Hairston, along with another unknown accomplice, had entered the residence and robbed them at gunpoint.
 {¶ 19} "Specifically, the Defendant, shortly after arriving, pulled out a revolver out of his pocket, cocked back the hammer and demanded money and other items of value.
 {¶ 20} "During the course of the robbery, $700 in cash, a .38 caliber revolver and ammunition and a gold chain were stolen. When completed, the Defendant told his accomplice to use duct tape and tape up both victims, which he did.
 {¶ 21} "The victims were then placed in the bathroom and a couch — and a couch was placed in front of the door to prevent escape.
 {¶ 22} "Prior to leaving, the Defendant told the victims that if they called authorities, they would come back and kill them." T. at 10.
 {¶ 23} The statements of the victims filed in discovery on November 29, 2005 substantiate the state's summation of the incident. First the victims were robbed at gun point. The house was searched and then the victims were taped up and locked inside a bathroom. The Bill of Particulars filed same date contains the same set of facts.
 {¶ 24} Upon review, we find the trial court did not err in finding a separate animus existed in this case. The victims were robbed and the house was searched. Then the victims were taped up and locked in a bathroom. The acts of kidnapping were separate and apart from the act of aggravated robbery.
 {¶ 25} Assignment of Error I is denied.
 II {¶ 26} Appellant claims the trial court erred in engaging in judicial factfinding in sentencing him to consecutive sentences. We disagree.
 {¶ 27} In support of his argument for resentencing, appellant cites the case of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. Foster was decided on February 27, 2006. Appellant was sentenced via judgment entry filed March 16, 2006. The Foster court at ¶ 104 and 106 held the Foster decision applies to all cases pending on direct review. The trial court had the benefit of the Foster decision in sentencing appellant to consecutive sentences on March 16, 2006. The trial court was not required to meet the requirement of R.C. 2929.14(E)(4) as theFoster court excised the statute in its entirety. See, Foster
at ¶ 97.
 {¶ 28} Assignment of Error II is denied.
 {¶ 29} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.