OPINION
{¶ 1} Defendant-appellant Ryan Daly appeals from his conviction and sentence, following a bench trial, for Negligently Causing the Death of Another While Operating a Vehicle, and for Causing the Death of Another While Operating a Motor Vehicle as a Proximate Result of Committing a Minor Misdemeanor Traffic Violation. The trial court also found that Ryan, at the time of the offense, was driving with a license suspended under a provision of the Ohio Revised Code, thereby enhancing the penalties for each offense.
 {¶ 2} Ryan contends that the evidence does not support the trial court's finding that his license was suspended under a provision of the Ohio Revised Code. We conclude that the testimony of the magistrate who suspended Ryan's license supports the trial court's finding in this regard.
 {¶ 3} Ryan also contends that the two offenses of which he was convicted are allied offenses of similar import, so that he could not be convicted of both. We conclude that each of the offenses of which he was convicted can be committed without committing the other, so that they are not allied offenses of similar import.
 {¶ 4} Because we reject both of Ryan's contentions, the judgment of the trial court is Affirmed.
 {¶ 5} In 2004, Daly was driving a car when he was involved in a collision with a tree in the median. As a result of the collision, one passenger in the car was killed.
 {¶ 6} Daly was charged with one count of Negligently Causing the Death of Another While Operating a Vehicle, in violation of R.C. 2903.06(A)(3), and one count of Causing the Death of Another While Operating a Motor Vehicle as a Proximate Result of Committing a Minor Misdemeanor Traffic Violation, in violation of R.C. 2903.06(A)(4). Each count included the additional allegation that at the time of the collision Ryan was driving with a license suspended under any provision of the Ohio Revised Code, which enhanced the penalty for each offense.
 {¶ 7} After Daly's motion to suppress was overruled, he negotiated an agreement with the State, the terms of which included his pleading guilty to the basic offenses, but submitting to the trial court, without a jury, the allegation that at the time of the collision he was driving with a license suspended under any provision of the Ohio Revised Code. It appears that there was no dispute that Ryan's license was suspended, the only factual dispute between the parties was whether it had been suspended pursuant to a provision of the Ohio Revised Code, or otherwise.
 {¶ 8} The trial court, after initially indicating its willingness to go along with the agreement, came to doubt whether it could properly accept a "partial" guilty plea. After some discussion, the parties and the trial court agreed to a procedure whereby Ryan would waive his right to a jury trial, stipulate that he was driving negligently, and that his negligence caused the collision that caused the death of his passenger, and further stipulate that he was driving over the 35 miles-per-hour speed limit, and that there were wet road conditions at the time. The net effect of these stipulations was that the only remaining factual issue for trial was whether, at the time of the collision, Ryan's driver's license was suspended under any provision of the Ohio Revised Code.
 {¶ 9} Ryan offered an expert witness who testified that his license was suspended otherwise than under a provision of the Ohio Revised Code. The State called the magistrate who had suspended Ryan's license, who testified that he had suspended it under the Ohio Revised Code. The entry suspending Ryan's license was silent as to the basis for the suspension.
 {¶ 10} At the conclusion of the trial, the trial court found Ryan guilty of both offenses, and found that Ryan was, in fact, under a license suspension pursuant to a provision of the Ohio Revised Code. Judgments of conviction were entered as to both offenses, and Ryan was sentenced accordingly. From his conviction and sentence, Ryan appeals.
 II {¶ 11} Ryan's First Assignment of Error is as follows:
 {¶ 12} "BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE TRUE FINDING ON THE ENHANCEMENTS, THE SENTENCES MUST BE VACATED."
 {¶ 13} There is no dispute that Ryan's driver's license was suspended at the time of the collision; the sole dispute is under what authority his license had been suspended. The entry suspending the license, filed in the Clark County Common Pleas Court, Juvenile Division, at a time when Ryan was a juvenile, does not indicate under what authority the license was suspended. Although it would be good practice for the authority for a license suspension to be reflected in the entry, we agree with the State that it is not essential, so long as there is, in fact, some authority for the suspension.
 {¶ 14} The State called the magistrate who ordered the suspension. The magistrate, Thomas Wilson, testified that he suspended the license pursuant to R.C. 2152.21, which does, in fact, authorize the juvenile court to suspend a juvenile's driver's license.
 {¶ 15} Ryan argues that it is not credible that his license was suspended pursuant to the Ohio Revised Code, because the magistrate allowed him the privilege, notwithstanding the suspension, to drive to and from work. Ryan contends that the statute under the authority of which the magistrate purported to have suspended his license specifically provides that: "A child whose license or permit is so suspended is ineligible for issuance of a license or permit during the period of suspension," and that this provision would have precluded the magistrate from having allowed him the privilege to have driven to and from work, so that this must not, in fact, have been the statutory provision under the authority of which the suspension was ordered.
 {¶ 16} The magistrate, Thomas Wilson, testified that it was his view that he has the authority, notwithstanding the statutory limitation quoted in the preceding paragraph, to allow driving privileges to and from work if it is in the best interests of the child. We question whether the "permit" referred to in the statutory limitation includes, as Ryan contends, the allowance of driving privileges to and from work. It seems more likely that it refers to the "temporary instruction permit" referred to earlier in R.C. 2152.21(A)(2).
 {¶ 17} We need not resolve these conundra. Let us assume, for purposes of analysis, that magistrate Wilson had no authority to grant any exceptions to the license suspension he ordered. That would render the exception void, or voidable, but it would not invalidate the suspension, itself.
 {¶ 18} That leaves us with the factual issue of whether magistrate Wilson suspended Ryan's license under the authority of R.C. 2152.21(A)(2). He testified that he did. The trial court chose to credit magistrate Wilson's testimony. We find no fault with the trial court's decision to credit magistrate Wilson's testimony.
 {¶ 19} Ryan called Donald Bailey, who testified that the license suspension was not under the authority of the Ohio Revised Code. The trial court found this testimony to have no weight:
 {¶ 20} "The Court gives no weight to the testimony of defense witness Donald Bailey. The Court does conclude that under Evidentiary Rule 702, a witness can be deemed an expert witness by a Court even where that witness has no formal training, education, or degree.
 {¶ 21} "However, the Court finds that the Ohio Revised Code BMV regulations, Ohio driver's license law, and Ohio traffic law are complex and, therefore, one should receive formal training, education, or a degree prior to coming into a court of law to render opinions on those matters.
 {¶ 22} "Perhaps an undergraduate degree in political science, a law degree, and formal training in statutory construction and legislative intent would be prudent prior to delving into complex areas of the law. The most compelling deficiency, however, in Mr. Bailey's testimony is that he failed to review all of the documentary evidence, specifically the LEADS tape marked as State's Exhibit 3. And accordingly, this Court does not recognize Mr. Bailey as an expert witness."
 {¶ 23} We cannot fault the trial court's reasoning. The issue of what weight to give conflicting testimony is primarily for the finder of fact. Ryan's First Assignment of Error is overruled.
 III {¶ 24} Ryan's Second Assignment of Error is as follows:
 {¶ 25} "THE TRIAL COURT VIOLATED THE DOUBLE JEOPARDY CLAUSE OF THE OHIO AND U.S. CONSTITUTIONS WHEN IT FOUND APPELLANT GUILTY OF ONE COUNT OF VEHICULAR HOMICIDE AND ONE COUNT OF VEHICULAR MANSLAUGHTER SINCE THERE WAS ONLY ONE VICTIM AND ONLY ONE DISCREET [sic, "discrete" appears to have been intended] ACT."
 {¶ 26} Ryan acknowledges that Blockburger v. United States (1932),284 U.S. 299, 304, upon which he relies, is codified in Ohio by the statutory provision relating to allied offenses of similar import — R.C. 2941.25 — which provides:
 {¶ 27} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 28} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 29} The first step in the analysis is to determine whether, when the elements of the two offenses are compared, one of the offenses cannot be committed without also committing the other, in which event they are allied offenses of similar import requiring merger unless they are committed separately or with a separate animus as to each. Conversely, if each of two offenses contains at least one essential element that is not contained within the other, then they are not allied offenses of similar import. Another way of stating this is that if each offense can be committed in some way that would not also involve committing the other offense, then they are not allied offenses of similar import. In performing this analysis, the court is to examine the statutory elements in the abstract, not with regard to the particular facts of the case before it. State v. Rance (1999), 85 Ohio St.3d 632,636-639.
 {¶ 30} The elements of the two offenses of which Ryan was convicted can be summarized as follows:
 {¶ 31} Offense 1: No person, while operating a motor vehicle, shall cause the death of another negligently.
 {¶ 32} Offense 2: No person, while operating a motor vehicle, shall cause the death of another as the proximate result of committing a violation of any provision of any section contained in Title 45 of the Revised Code that is a minor misdemeanor or a violation of a municipal ordinance that is substantially equivalent to a minor misdemeanor contained in Title 45 of the Revised Code.
 {¶ 33} Clearly, Offense 1 can be committed without committing Offense 2. Driving while under the influence of alcohol is not a minor misdemeanor offense. If a person gets behind the wheel of a car and sets out on the road while dangerously intoxicated, and kills another as a result, he has caused the death of another negligently, but he has not caused the death of another as a proximate result of committing a minor misdemeanor; he is guilty of Offense 1, but not of Offense 2.
 {¶ 34} At first thought, it might appear that Offense 2 cannot be committed without also committing Offense 1. It might be thought that the commission of a minor misdemeanor under Title 45 is per se negligence, and, if the result is the death of another, then both offenses have necessarily been committed. But negligence, or, more precisely, acting negligently, is a defined culpable mental state under R.C. 2901.22(D), which provides as follows:
 {¶ 35} "A person acts negligently when, because of asubstantial lapse from due care, he fails to perceive or avoid a risk that his conduct may cause a certain result or be of a certain nature." (Emphasis added.)
 {¶ 36} The inclusion of the word "substantial" means that not every lapse from due care is a "negligent" act for purposes of the criminal provisions of the Ohio Revised Code. For example, going 56 miles per hour in a 55 mile-per-hour zone is a minor misdemeanor-speeding — under R.C. 4511.21(B)(5), but it would hardly be a substantial lapse from due care, as evidenced by the ubiquity with which motorists exceed 55 mile-per-hour speed limits by slight amounts. Admittedly, it might be difficult to prove that driving 56 miles per hour in a 55 mile-per-hour speed zone proximately caused a collision, but it is theoretically possible that an expert accident reconstructionist might offer sufficient proof of that fact. If that collision caused the death of another, then Offense 2 would be committed, but not Offense 1, because the offender's lapse from due care, while leading to tragic results, would not have been substantial.
 {¶ 37} We conclude that the requirement, for commission of Offense 1, of a substantial lapse from due care must add something to the definition of the offense. If not, then every commission of Offense 2 would necessarily also constitute a commission of Offense 1, and yet the General Assembly has clearly made Offense 2 a lesser offense, with a lesser penalty. There may be a logic to including a lesser offense within a greater, so that every commission of the greater offense necessarily involves committing the lesser offense, but not vice versa; but we see no logic that would lie behind including a greater offense within a lesser offense, so that every time the lesser offense is committed, the greater offense is necessarily also committed.
 {¶ 38} Because we conclude, employing the analysis prescribed byState v. Rance, supra, that each of the offenses of which Ryan was convicted can be committed without necessarily committing the other, they are not allied offenses of similar import, and the Double Jeopardy clauses of the Ohio and United States constitutions are not implicated. Ryan's Second Assignment of Error is overruled.
 IV {¶ 39} Both of Ryan's assignments of error having been overruled, the judgment of the trial court is Affirmed.
GRADY, P.J., and WOLFF, J., concur.