[Cite as *State v. Alsup*, 2011-Ohio-3612.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No.   23641 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 08-CR-3309 |
| v. | : | |
| | : | (Criminal Appeal from |
| KEVIN L. ALSUP | : |  Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of July, 2011.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by R. LYNN NOTHSTINE, Atty. Reg. #0061560, Montgomery County Prosecutor's Office, Post Office Box 972, Dayton, OH 45422
        Attorney for Plaintiff-Appellee

MICHAEL H. HOLZ, Atty. Reg. #0031902, 507 Wilmington Avenue, Suite 2, Dayton, Ohio 45420
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}   This appeal poses the following question: When A strikes B in the head with a rock, killing B, may A be convicted of, and sentenced for, both Murder, in violation of R.C. 2903.02(B)(felony murder) and Felonious Assault, in violation of R.C. 2903.11(A)(2) (deadly weapon)?   We answer this question in the negative.   Accordingly, the judgment of the trial

court is Reversed, and this cause is Remanded for further proceedings, which shall include the State's election of which conviction shall be merged.

I

{¶ 2} One night in August, 2008, defendant-appellant Kevin Alsup, a homeless man, struck Floyd Drummond in the head with a rock multiple times, killing him. A third homeless man, Larry Hudson, Jr., observed the act. He later saw Alsup throw the rock into a river.

{¶ 3} Alsup was charged by indictment with two counts of Murder (purposeful murder and felony murder), two counts of Felonious Assault (deadly weapon and serious physical harm), and one count of Tampering with Evidence. Following a jury trial, Alsup was found guilty on all counts. The State elected to merge the purposeful Murder conviction into the felony Murder conviction, and the serious-physical-harm Felonious Assault conviction into the deadly-weapon Felonious Assault conviction.

{¶ 4} Alsup was sentenced to fifteen years to life for Murder, six years for Felonious Assault, and three years for Tampering with Evidence, all to be served consecutively, for a total of 24 years to life. From his conviction and sentence, Alsup appeals.

II

{¶ 5} Alsup's sole assignment of error is as follows:

{¶ 6} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT CONVICTED AND SENTENCED DEFENDANT-APPELLANT ON BOTH MURDER, PROXIMATE RESULT OF OFFENDER'S COMMITTING AN OFFENCE OF VIOLENCE, TO WIT: FELONIOUS ASSAULT, AND FELONIOUS ASSAULT, DEADLY WEAPON,

INSTEAD OF MERGING THE TWO CONVICTIONS."

{¶ 7}   We rendered judgment herein on August 27, 2010, reversing the judgment of the trial court and remanding.   The State perfected an appeal from our judgment in the Supreme Court of Ohio.   The Supreme Court vacated our judgment, and remanded this cause to us for application of *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314.   *State v. Alsup*, 128 Ohio St.3d 340, 2011-Ohio-227.

{¶ 8}   Following the remand of this cause to us from the Supreme Court of Ohio, we afforded both parties the opportunity to file supplemental briefs.   They have done so.

{¶ 9}   Upon review of *State v. Johnson*, we conclude that it provides more support for our prior decision, not less.   The one clear result of *State v. Johnson* is that it overruled *State v. Rance* (1999), 85 Ohio St.3d 632.   Although there was no majority opinion in *State v. Johnson*, every justice agreed that the abstract-analysis-of-the-elements test set forth in *State v. Rance* had proven unworkable, and should be overruled.   Furthermore, each of the opinions in *State v. Johnson* focuses on the criminal conduct of the defendant in the determination of whether that conduct actually resulted in the commission of two or more offenses with a single animus.

{¶ 10}   Finally, the actual fact pattern in *State v. Johnson* is instructive:

{¶ 11}   "The offenses were based upon the following conduct. In the incident at issue, Johnson [the defendant] was in a room alone with Milton [the victim] while the boy's mother was in a different room watching television. The mother heard Johnson yelling, heard a 'thump' or 'stomping,' and went to investigate. She found Johnson yelling at Milton for mispronouncing a word while reading, and she observed Johnson push Milton to the floor.

The mother left the room. Shortly thereafter, she heard another loud 'thump' or 'stomp.' When she went to the room, she saw Milton shaking on the floor. Neighbors testified that they had heard the boy crying and heard Johnson 'whooping' the boy and yelling, 'Do you want pain? You want pain? I'll give you pain!'

{¶ 12} "Milton's death was a result of injuries sustained from blunt impact to the head. Medical experts testified as to older injuries indicative of multiple incidents of child abuse." Id., at ¶ 54-55.

{¶ 13} In concluding that the defendant's commission of Child Endangering, in violation of R.C. 2919.22(B)(1), and of Felony Murder, in violation of R.C. 2903.02(B), were allied offenses of similar import, the lead opinion in *State v. Johnson*, authored by Chief Justice Brown, made the following observation:

{¶ 14} "We decline the invitation of the state to parse Johnson's conduct into a blow-by-blow in order to sustain multiple convictions for the second beating.  This beating was a discrete act that resulted in the simultaneous commission of allied offenses, child abuse and felony murder."  Id., at ¶ 56.

{¶ 15} In the case before us, we would have to adopt the blow-by-blow analysis rejected in *State v. Johnson* in order to find that Alsup, in committing both Felonious Assault and Murder by hitting his victim in the head repeatedly with a rock and thereby killing him, committed offenses that are not allied offenses of similar import.

{¶ 16} Alsup's sole assignment of error is sustained.

### III

{¶ 17} Alsup's sole assignment of error having been sustained, the judgment of the

trial court is Reversed, and this cause is Remanded for the State to make an election, for the trial court to merge the felony Murder and deadly-weapon Felonious Assault convictions accordingly, and for re-sentencing, consistent with this opinion.

. . . . . . . . . . . . .

FROELICH, J., concurs.

HALL, J., concurring in judgment.

Copies mailed to:

Mathias H. Heck, Jr.
R. Lynn Nothstine
Michael H. Holz
Hon. Frances E. McGee