OPINION
{¶ 1} Defendant, Paul Rupp, appeals from his conviction and sentence for public indecency.
 {¶ 2} On the evening of May 26, 2005, Dayton Police Officers Will Wright, Greg Mills and Sergeant Chris Weber went to McCooks Theatre at 1267 N. Keowee Street, in Dayton looking for persons who had been banned from the premises. McCooks is an adult entertainment establishment that sells x-rated movies, magazines and novelties in the front part of the store. In the back portion of the store, which patrons pay one dollar to enter, there are several video booths that show pornographic films, and a separate area for live nude dancing. There are no doors or curtains on the video booths.
 {¶ 3} As Officer Wright walked through the back portion of the store and past the video booths he looked inside each booth. Inside booth number eight Officer Wright observed Defendant masturbating, with his erect penis exposed outside his pants. Officer Wright asked Defendant to come out of the booth and he complied. At about that time Sergeant Weber joined Officer Wright and observed Defendant zipping his pants and his erect penis underneath his pants.
 {¶ 4} McCooks is open to the public, and Officer Wright indicated that anybody walking past booth number eight could have seen Defendant masturbating. Sergeant Weber advised Defendant of his Miranda rights. Weber also showed Defendant the signs posed on each booth that prohibit any sexual activity, including masturbation. Defendant said he saw the sign but paid no attention to it. Defendant acknowledged that McCooks is a public facility and that he was watching an adult video, but he denied masturbating or exposing his penis.
 {¶ 5} Defendant was charged by complaint filed in Dayton Municipal Court with two counts of public indecency, one count in violation of R.C. 2907.09(A)(1), and one count in violation of R.C. 2907.09(A)(3). Following a trial to the court Defendant was found guilty of both charges. The trial court sentenced Defendant to thirty days in jail on each offense, but suspended both jail terms. The court also fined Defendant $250 plus court costs on each offense, but suspended one of the fines and court costs. The trial court placed Defendant on one year of unsupervised probation and banned Defendant from returning to McCooks.
 {¶ 6} Defendant timely appealed to this court from his conviction and sentence.
 FIRST ASSIGNMENT OF ERROR {¶ 7} "THE TRIAL COURT VIOLATED THE DOUBLE JEOPARDY CLAUSE OF THE OHIO AND U.S. CONSTITUTIONS WHEN IT FOUND APPELLANT GUILTY OF TWO COUNTS OF PUBLIC INDECENCY BASED ON ONE DISCREET ACT."
 {¶ 8} Defendant argues that his Fifth Amendment double jeopardy rights against cumulative punishments for the same offense was violated in this case by his convictions for violating two separate subsections of the public indecency statute based upon the same conduct, masturbating in public. Noting that under the federal and state double jeopardy clauses he cannot twice be put in jeopardy for the same offense, Defendant claims that under Blockburger v. United States
(1932), 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306-309, he cannot be convicted of public indecency under both R.C.2907.09(A)(1) and R.C. 2907.09(A)(3), when the same act provides the grounds for both charges. The test outlined in Blockburger
for determining whether two offenses are the same for double jeopardy purposes is whether each offense requires proof of an element that the other does not. Id.
 {¶ 9} A legislature, however, may prescribe the imposition of cumulative punishments for crimes that constitute the same offense under Blockburger without violating double jeopardy.State v. Rance, 85 Ohio St.3d 632, 1999-Ohio-291. Where a legislature expresses its intent to permit cumulative punishments for such crimes, the Blockburger test must yield. Id. The double jeopardy clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended. Id.
 {¶ 10} In Ohio, it is unnecessary to resort to theBlockburger test in determining whether cumulative punishments imposed within a single trial for more than one offense resulting from the same criminal conduct violate the federal and state constitutional provisions against double jeopardy. Instead, the two-step test in R.C. 2941.25 satisfies the constitutional and state statutory inquiries. The statute manifests the General Assembly's intent to permit, in appropriate cases, cumulative punishments for the same conduct. Rance, syllabus at ¶ 3.
 {¶ 11} Defendant failed to raise any objection in the trial court based upon his double jeopardy/allied offenses of similar import claim. That failure to object constitutes a waiver of that issue on appeal, absent plain error. State v. Denham (August 2, 2002), Greene App. No. 2001CA 105, 2002-Ohio-3912. Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been different. State v.Long (1978), 53 Ohio St.2d 91.
 {¶ 12} R.C. 2941.25 provides:
 {¶ 13} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 14} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import pursuant to R.C. 2941.25(B), or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 15} In determining whether two or more offenses constitute allied offenses of similar import pursuant to R.C. 2941.25(B), a two step test is employed. In the first step, the statutorily defined elements of the crimes are compared in the abstract, without reference to the facts of the case or Defendant's conduct constituting the offense. Rance, supra. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. Id. If, however, the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends-the multiple convictions are permitted. Id.
 {¶ 16} In the second step, the defendant's particular conduct is reviewed to determine whether the defendant can be convicted of both crimes. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. State v.Rance, supra.
 {¶ 17} Defendant was found guilty of public indecency in violation of both R.C. 2907.09(A)(1) and (3) which provide respectively:
 {¶ 18} "(A) No person shall recklessly do any of the following, under circumstances in which the person's conduct is likely to be viewed by and affront others who are in the person's physical proximity and who are not members of the person's household:
 {¶ 19} "(1) Expose his or her private parts;
 {¶ 20} "* * *
 {¶ 21} "(3) Engage in conduct that to an ordinary observer would appear to be sexual conduct or masturbation."
 {¶ 22} Comparing the elements of the two separate offenses set forth in subsections (A)(1) and (A)(3) of the public indecency statute in the abstract, without reference to the facts in this case or Defendant's conduct constituting those offenses, it is clear that they are not the same and commission of one of these offenses does not necessarily result in the commission of the other. A violation of (A)(1) requires that the offender expose his or her private parts, whereas (A)(3) has no such requirement. Conversely, (A)(3) requires that the offender engage in conduct that appears to be sexual conduct or masturbation, whereas (A)(1) has no such requirement. Accordingly, the statutory elements of these offenses differ such that commission of one offense does not result in commission of the other. The offenses are therefore dissimilar, and whether they were committed together or with the same animus are questions we need not address. Rance. On this record Defendant may be convicted of both. Rance, supra.
 {¶ 23} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 24} "THE CONVICTIONS SHOULD BE REVERSED BECAUSE THE EVIDENCE TO SUPPORT THE CHARGES WAS INSUFFICIENT AS A MATTER OF LAW."
 {¶ 25} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. Thompkins, supra. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259:
 {¶ 26} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 27} Both of the offenses Defendant committed, violations of R.C. 2907.09(A)(1) and (A)(3), required the State to prove that Defendant's conduct, exposing his private parts, (A)(1), or masturbating, (A)(3), would likely affront others should they see it. State v. Roberts (May 3, 2002), Montgomery App. No. 19035, 2002-Ohio-2163. Defendant argues that the evidence is insufficient to prove that element of the offenses because, given the particular nature of McCooks Theatre, an adult entertainment store where customers can purchase or view sexually explicit adult material, it is not likely that other patrons of McCooks would be affronted by Defendant's conduct in exposing his private parts or masturbating. We disagree. We have previously considered and rejected this same argument. State v. Morman (March 7, 2003), Montgomery App. No. 19335, 2003-Ohio-1048; State v.Wilson (Sept. 23, 2005), Montgomery App. No. 20949,2005-Ohio-5004.
 {¶ 28} The evidence presented, if believed, demonstrated that Defendant's conduct was likely to be viewed by other patrons of McCooks. The video booths are in a portion of the store easily accessible to other patrons, and any patron walking past those booths would be able to see a substantial portion of the interior of that booth, including Defendant's conduct in openly masturbating, because there are no doors or curtains on those booths. Morman, supra. Furthermore, given the signs posted on each video booth indicating that exposure of private parts and sexual activity including masturbation is prohibited, the trier of facts could reasonably conclude that engaging in those activities would likely affront other patrons wishing to see an adult movie. Morman; Wilson. The State presented sufficient evidence that Defendant's conduct occurred under circumstances likely to affront other patrons.
 {¶ 29} The evidence in this case, when construed in a light most favorable to the State, is such that a rational trier of facts could find all of the essential elements of public indecency proved beyond a reasonable doubt. Defendant's convictions are supported by legally sufficient evidence.
 {¶ 30} The second assignment of error is overruled. The judgment of the trial court will be affirmed.
Fain, J., and Walsh, J. concur.
(Hon. James E. Walsh, Twelfth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).